## RAINBOW v. BENSON ET AL.

$\frac{71}{100} \frac{301}{629}$

1. **Justices' Courts:** SELECTION OF OFFICER TO SUMMON JURY IN CRIMINAL CASE: INQUIRY AS TO FITNESS. When a justice is about to issue a *venire* for a jury in a criminal case to a certain peace officer, (Code, § 4673,) the prosecutor may properly file a motion, supported by affidavit, showing that such officer is prejudiced against the prosecution, and is likely to select jurors to the prejudice of the state, and asking that the *venire* be issued to some other peace officer; and in such case it is the duty of the justice to institute an inquiry, and investigate the truth of the charge, and govern his action accordingly.

2. **Libel:** PRIVILEGED COMMUNICATION: JUDICIAL PROCEEDINGS: STATEMENTS IN AFFIDAVIT. Whatever is said or written in good faith in the course of judicial proceedings, and which is pertinent and material to the matter in controversy, is privileged. So *held* as to the statements made by a prosecutor of alleged criminals before a justice of the peace, in an affidavit setting forth that the peace officer to whom a *venire* was about to be issued was in collusion with the alleged criminals, and therefore an unfit person to summon a jury for their trial.

*Appeal from Shelby District Court.*

FRIDAY, MARCH 11.

PLAINTIFF brought an action for damages for an alleged libelous publication. The district court sustained a demurrer to an answer filed by the defendants, and from that order they appeal.

*Smith & Culleson* and *Platt Wicks*, for appellants.

*Beard & Myerly* and *J. W. De Silva*, for appellee.

REED, J.—The alleged libelous publication was contained in an affidavit filed by the defendants in a criminal action pending before a justice of the peace, and is as follows: "I, F. E. Benson and John Reed, on oath state, I (John Reed) am the party filing the information herein, and that G. S. Rainbow, the deputy sheriff, the officer to whom it is proposed to issue the *venire* and have to summon the jury in such cause, and act as constable or officer therein, is prejudiced in

favor of the defendant in said cause, and is colluding with said defendant, and men in the saloon business, for the purpose of preventing their conviction; and to that end he, in exercising the duty of selecting and impaneling a jury to try said cause, wherein a party is accused of the crime of selling intoxicating liquors, takes particular pains to select men who are opposed to the enforcement of the prohibitory law, so called, and in hopes thereby to secure the acquittal of the defendant then to be tried; and that, if he should be allowed to select a jury in that cause, affiant believes and alleges that he would, in the manner as aforesaid, select a jury in the interest of the defense, and with an object of securing the defendant's release. All this I verily believe."

The answer alleged that the defendants, at the time they signed and filed the paper, were citizens of Shelby county; that the defendant John Reed had filed an information before a justice of the peace, accusing one Al Wicks of the crime of selling intoxicating liquors contrary to law; that, when said Wicks was brought before the justice for trial on said charge, he demanded a trial by jury, and thereupon the justice was about to direct the plaintiff to prepare a list of names from which such jury would be drawn, and to issue to him a *venire* to summon said jurors, when the defendant Reed made a motion orally asking the justice to designate some other peace officer to perform said duties, on the ground that plaintiff was prejudiced against the interests of the state in cases of that character; that he was directed by the justice to reduce the motion to writing, and support the same by affidavits, and that he thereupon made and filed a written motion to that effect, and filed the affidavit in question in support thereof; that said motion and affidavit were made and filed in good faith, and without malice, and in the performance of a public duty; and that defendants had good grounds for believing, and did believe, that the allegations in the affidavit were true, and that they made the same for the

sole purpose of imparting to the justice the matters contained therein.

The grounds of the demurrer were that the justice did not have jurisdiction of the subject to which the publication referred, and that, upon the facts alleged in the answer, it was not privileged. The law undoubtedly is that whatever is said or written in the course of a judicial proceeding, and which is pertinent and material to the matter in controversy, is privileged. The question in this case is whether the answer shows that the communication in question is within that rule. It will readily be conceded that the matters alleged in the affidavit had no relevancy to the charges involved in the criminal cause which was pending before the justice, and which was about to be tried. But in our opinion that consideration is not at all material to the inquiries before us. Whether the communication was privileged depends upon whether the justice had the power, when Reed objected to the designation of plaintiff for the performance of the duty of making the jury list, to enter upon an inquiry as to the truth of the matters alleged in the motion, and determine therefrom whether plaintiff was a proper person to be designated for the performance of the duty, and whether the matters alleged in the affidavit were pertinent and material to such inquiry.

I. As to the power of the justice to entertain the motion and make the inquiry: The statute (Code, § 4673) provides that, "if a trial by jury be demanded, the justice shall direct any peace officer of the county to make a list in writing of the names of eighteen inhabitants of the county having the qualifications of jurors in the district court, from which list the prosecutor and defendant may each strike out three names." Other sections provide that the twelve jurors whose names remain upon the list shall be summoned to appear before the justice, and that the jury for the trial of the cause (which consists of six persons) may be selected

1. JUSTICES' courts: selection of officer to summon jury in criminal case: inquiry as to fitness.

from this number. It will be seen that the duty of making the list of eighteen names is one of very considerable importance. The officer who performs that duty has it in his power to compel the parties to accept as triers of the cause the persons selected by him, however objectionable they may be to them. Of course, the presumption is that the officer will properly perform the duty imposed upon him; but the power might be abused, to the great detriment of the parties.

The section quoted above confers upon the justice a discretion in the selection of the officer for the performance of the duty. The language is that he "shall direct any peace officer of the county" to make the list. He is empowered by this language to designate the sheriff, or one of his deputies, or any constable in the county, for the performance of the duty, and to use his discretion in making the selection. In the exercise of this discretion, it is his duty to select such officer as he believes will act fairly and impartially as between the parties. This power to select a single individual from among a number, for the performance of the duty, necessarily includes the power to institute an inquiry as to the fitness of the one intended to be designated, when a question as to his fitness arises. The parties in interest clearly have the right to object to the designation of a particular officer on the ground of his unfitness for the performance of the duty. Monstrous wrongs might be perpetrated if the law were otherwise. Suppose the justice was about to designate an officer whom the defendant had reason to believe was the real instigator of the prosecution against him, or who was his bitter personal enemy, certainly the law would give him the privilege of objecting to the designation of that particular person. And, when such objection was made, it would clearly be the duty of the justice to institute an inquiry as to the truth of the charge. In making such inquiry, it would often become necessary for him to hear evidence in support or resistance of the objection.

And we think the informant has the same right to enter an objection to the designation of a particular officer. He is not a party to the record, it is true, but the law allows him to institute the prosecution for the reason that, as a citizen of the state, he has an interest in the faithful execution of its laws. Indeed, the duty of private individuals to institute criminal prosecutions is often among the highest duties of citizenship; and, having instituted such a prosecution, he has the right to have the cause fairly and impartially tried. The right to make the objection in question results necessarily from his relation to the case. The investigation, while it does not relate to the matters involved in the main cause, takes place in the progress of the case, and is incident to it. It is a judicial investigation in the same sense that the trial by a court of record of a challenge to a juror for cause is a judicial investigation.

II. The matters alleged in the affidavit were clearly pertinent and material to the subject of the investigation. They 2. **LIBEL:** privileged communication: judicial proceedings: statements in affidavit. tended to show that the officer was the partisan of the defendant, and that he would, if intrusted with the duty of selecting the jury, exercise the power of his position with the view of securing the acquittal of the defendant, regardless of the merits of the case. If the statements of the affidavit were true, he was not a fit person to be intrusted with the power proposed to be conferred upon him. If the statements were made in good faith, and in the honest belief that they were true, they are privileged.

REVERSED.