Bartlett *vs.* Christhilf.

The decree of the Circuit Court of Baltimore City dismissing the bill will be affirmed with costs.

*Decree affirmed.*

(Decided 13th June, 1888.)

---

# J. KEMP BARTLETT, JR. *vs.* HENRY B. CHRISTHILF.

*Libel and Slander—Statements made in a Judicial proceeding—Malicious abuse of Process.*

Averments in a petition by a receiver against his co-receiver in a judicial proceeding, that such co-receiver was unlawfully and wrongfully withholding a portion of the assets; that he was obstructing their collection; was acting in contempt of the authority of the Court, and had embezzled some of the money belonging to the trust, although false, and maliciously made, will not sustain an action for libel, for the reason that every averment of the petition did have a most direct relation to the subject-matter brought before the Court under the petition.

A declaration averring that the defendant maliciously made use of the process of the Court by causing a petition to be filed in said Court, for the purpose of having the plaintiff declared in contempt of Court, and removed from his office of receiver, and to disgrace him in the eyes of another, and that the allegations in said petition were false to the knowledge of the defendant, and that thereby the plaintiff was greatly injured in his feelings, reputation and business, does not show a sufficient cause of action for the malicious abuse of the process of the Court.

APPEAL from the Superior Court of Baltimore City.

This is an appeal by the plaintiff from the action of the Court below sustaining a demurrer to his declaration and giving judgment for the defendant. The case is stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*B. Howard Haman*, for the appellant.

In *White vs. Nichols*, 3 *Howard*, 291, the proposition is laid down that in every case on a proceeding before a Court or legislative body, or any other tribunal or authority, falsehood and absence of probable cause will amount to proof of malice which will remove the bar of privilege. Privileged communications comprehend all communications made *bona fide* in the performance of a duty, or with a fair view of protecting one's own interests. *Somerville vs. Hawkins*, 10 *C. B.*, 583.

Where one makes a complaint to a proper person or tribunal, *believing it to be true*, his words are privileged, otherwise not. *Bodwell vs. Osgood*, 3 *Pick.*, 379.

Where words were spoken confidentially in response to a request from a Senator of the United States, in regard to the fitness of a public officer, it was decided that no action would lie, solely on the ground that there was no proof of malice. *Law vs. Scott*, 5 *Harris & J.*, 360.

"Perjury by which damages do accrue may be punished as a misdemeanor; and also the party may have his action on the case, to recover damages, for it would be a very great defect in the law if one may commit perjury with impunity." 12 *Coke Rep.*, 128.

An action lies against a party, and consequently against his counsel, for remarks proven irrelevant, if they were not spoken *bona fide*. *Hodgson vs. Scarlett*, 1 *Barn. & Ald.*, 246.

No privilege could be more carefully guarded than that of a Judge, yet it has been decided in Maryland many times that though he is not responsible for mistakes of judgment or for negligence, still he may be

Bartlett *vs.* Christhilf.

sued if he use his position for unworthy purposes. *Bevard vs. Hoffman,* 18 *Md.,* 479; *Friend vs. Hamill,* 34 *Md.,* 304; *Knell vs. Briscoe,* 49 *Md.,* 414; *See also Maurice vs. Worden,* 54 *Md.,* 233.

The immunity claimed by the defendant in this case, could not be greater than that attaching to the position of a witness. The best American rule governing the liability of witnesses for false statements is laid down in the following cases: *Hill vs. Miles,* 9 *N. H.,* 1; *Harper vs. Perry,* 28 *Iowa,* 56; *White vs. Carroll,* 32 *N. Y.,* 161; *Marsh vs. Ellsworth,* 50 *N. Y.,* 309; *Wyatt vs. Buell,* 42 *Cal.,* 624; *Calkins vs. Sumner,* 13 *Wis.,* 193; *Lanning vs. Christy,* 30 *Ohio State,* 115; *Liles vs. Gaston,* 42 *Ohio State,* 631; *Whitney vs. Allen,* 62 *Ill.,* 472; *Johnson vs. Brown,* 13 *West Virginia,* 91.

If a party institute a proceeding in a Court of justice as a pretence, and merely to promulgate slander or serve any other improper purpose, an action may be maintained for any libelous matter in it. *Hill vs. Miles,* 9 *N. H.,* 9.

Where a person makes use of the process of a Court for some private purpose of his own, he is liable in an action of damage for abuse of the process of the Court. *Addison on Torts,* (3d *Eng. Ed.,*) 601.

An action will lie for the malicious prosecution of a civil suit where special damage has been sustained. *McNamee vs. Minke,* 49 *Md.,* 122, 134. See *Grainger vs. Hill,* 4 *Bing., N. C.,* 212; *Sommer vs. Wilt,* 4 *Serg. & R.,* 19; *Wanzer vs. Bright,* 52 *Ill.,* 35; *Spengler vs. Davy,* 15 *Grat.,* 381; *Savile vs. Roberts,* 1 *Ld. Raym.,* 374; *Quartz Hill, &c., Gold Mining Co. vs. Eyre,* L. R., 11 *Q. B. D.,* 674.

*Andrew C. Trippe,* for the appellee.

Communications absolutely privileged though false and malicious, and made without reasonable or proba-

ble cause, are those made in the course of judicial proceedings, whether civil or criminal, and whether by a suitor, prosecutor, witness, counsel or juror, &c. *Starkie on Slander—Folkard's Ed.*, sec. 688, *and cases cited; Henderson vs. Broomhead*, 4 *Hurl. & N.*, 569; *Revis vs. Smith*, 18 *C. B.*, 125; *Maurice vs. Worden*, 54 *Md.*, 233; *Shelfer vs. Gooding*, 2 *Jones,* (*N. C.*,) 195; *Gan vs. Selden*, 4 *Comst.*, 91.

The appellant was already in Court, and during the pending proceeding, was served with a notice by the sheriff to answer a petition filed therein by the appellee in his capacity as receiver, appointed under a decree in the same cause. This is the usual course of proceeding in all cases of interlocutory petition requiring notice to parties resident. The appellant was not arrested. His goods were not seized. No duress was inflicted upon him. There is no case in the books which sustains an action for malicious prosecution upon such a state of facts. *McNamee vs. Minke*, 49 *Md.*, 122; *Clemens vs. Odorless Excavating Apparatus Co.*, 67 *Md.*, 461.

McSherry, J., delivered the opinion of the Court.

In a proceeding instituted in the Circuit Court of Baltimore City by John D. Muir, plaintiff, against William P. Whiting and J. Kemp Bartlett, Jr., defendants, the said Bartlett and one Christhilf, the appellee, were appointed receivers. Some weeks thereafter, Christhilf filed a petition in that case, alleging, in substance, that Bartlett was unlawfully and wrongfully withholding a portion of the assets from the receivers; that he was obstructing the collection of the assets of the firm; acting in contempt of the authority of the Circuit Court, and that he had embezzled some of the money belonging to the trust. Upon this petition an order was passed, requiring Bartlett to show cause why he should not be attached for contempt

and removed from his office of receiver. Bartlett answered the petition, but before any hearing was had upon it, the case of Muir against Whiting and Company was settled and dismissed by order of Muir, the plaintiff, and Whiting and Bartlett, the defendants. Thereupon Bartlett instituted suit against Christhilf in the Superior Court of Baltimore City for an alleged libel and a malicious abuse of the process of the Court. The declaration contains two counts. The first avers that the statements of the petition filed by Christhilf were libellous because they falsely and maliciously imputed to Bartlett a neglect of his duty as receiver; alleged that he was guilty of a contempt for the Court which had appointed him to his position, and charged that he, Bartlett, had committed the crime of embezzlement in regard to moneys entrusted to his hands through the order of the Court. The second count, for an alleged malicious abuse of the process of the Court, will be stated later on in this opinion.

It is insisted that the appellee is not liable to be sued in an action for libel on account of anything stated by him in the petition alluded to; because, it is claimed, that the statements alleged to be libellous are privileged. We have had before us this term cases involving the privilege of counsel and of witnesses, and in the opinions delivered in those cases the authorities upon the subject of privilege have been fully reviewed.* The case now before us, as far as the first count of the declaration is concerned, is of a kindred character, and must, therefore, be governed by the view of the law adopted by a majority of this Court in those cases. It is stated in a work of high authority that "an action for defamation will not lie for anything sworn or stated in the course of a judicial proceeding before a Court of competent jurisdiction, such as defamatory bills or

---

* *Maulsby vs. Reifsnider, ante* page 143, and *Hunckel vs. Voneiff, ante* page 179.

proceedings filed in chancery, or in the ecclesiastical Courts, or affidavits containing false and scandalous assertions against others. Therefore, if a man goes before a justice of the peace and exhibits articles against the plaintiff containing divers false and scandalous charges concerning him, the plaintiff cannot have an action for a libel in respect of any matter contained in such articles, for the party preferring them 'has pursued the ordinary course of justice in such a case; and if actions should be permitted in such cases, those who have just cause for complaint would not dare to complain, for fear of infinite vexation.' There is a large collection of cases where parties have from time to time attempted to get damages for slanderous and malicious charges contained in affidavits made in the course of a judicial proceeding, but in no one instance has the action been held to be maintainable; but the libeller may be punished, and the abuse repressed by prosecution for perjury, the result of which is to make the libeller infamous if he is convicted." 2 *Addison on Torts*, sec. 1092 (*Wood's Edition.*) In *Odgers on Libel and Slander*, side page 193, it is stated that every affidavit sworn in the course of a judicial proceeding before a Court of competent jurisdiction is absolutely privileged and no action lies therefor, however false and malicious may be the statement therein. The only exception is where an affidavit is sworn recklessly and maliciously before a Court that has no jurisdiction in the matter and no power to entertain the proceedings. The Court will order scandalous matter to be expunged, but even for such matter no action will lie.

*Kidder vs. Parkhurst*, 3 *Allen*, (*Mass.*) 396, was an action for a libel on the plaintiff in a complaint made by the defendant against her for perjury. The complaint was made to the grand jury. The Court says:

"It," the complaint, "therefore, appears to have been made in the regular course of justice, and the decisions, ancient and modern, are uniform, that no proceeding in a regular course of justice is to be deemed an acactionable libel."

In *Seaman vs. Netherclift, L. R.,* 1 *C. P. D.*, 540, Lord COLERIDGE, C. J., said "Now, a long course of authorities, of which perhaps the best known, as the most remarkable, is the case of *Astley vs. Younge*, has decided that no action of slander can be brought for any statement made by the parties either in the pleadings or during the conduct of the case. The law is so stated very clearly by Lord ELDON in *Johnson vs. Evans*, (3 *Esp.*, 32) ; it is so stated also, not indeed with absolute certainty, in a note to the well known case of *Hodgson vs. Scarlett*, the author of which note, we learn from Baron ALDERSON in *Gibbs vs. Pike*, 9 *Mees. & W.*, 358, to have been Mr. Justice HOLROYD himself. But I conceive the law on this point to be now quite certain, although most men of any experience in the profession must have seen many instances in which judicial proceedings have been made by parties to them to serve the ends of private malignity."

In *Henderson vs. Broomhead* 4 *Hurl. & N.*, 577, CROMPTON, J., laid it down that "no action will lie for words spoken or written in the course of any judicial proceeding ;" and again, "The rule is inflexible, that no action will lie for words spoken or written in the course of giving evidence."

Where the cause of action against a defendant was, that he falsely and maliciously and without any reasonable cause, went before a commissioner for taking oaths in the Court of Chancery and swore an affidavit stating of the plaintiff, in his character of an auctioneer, that he conducted his business fraudulently and improperly, and that he was not, in the deponent's

opinion, a fit and proper person to be intrusted with the sale of certain property then the subject of a suit in the Court of Chancery; and the Court, upon the evidence before it, decided that the plaintiff was not a fit and proper person to conduct the sale; it was held that the affidavit, being made in the course of a judicial proceeding, could form no ground of action. *Revis vs. Smith,* 18 *C. B.*, 126; 25 *L. J. C. P.*, 195. See also *Astley vs. Younge,* 2 *Burr.*, 807; *Townshend on Slander and Libel, sec.* 221. These authorities, and others which might be cited, hold that statements made in any of the pleadings or proceedings in a cause before a Court having jurisdiction of the subject are absolutely privileged, even though made maliciously and falsely. This privilege, protecting against a suit for libel or slander, is founded upon what would seem to be a sound public policy which looks to the free and unfettered administration of justice, though as an incidental result it may, in some instances, afford an immunity to the evil disposed and malignant slanderer.

Whilst the appellee was not, in the literal sense of the term, a party to the case of *Muir vs. Whiting and Company,* he is none the less within the reason, the spirit and the policy of the rule laid down and enforced by the decisions referred to. In this case it is not material whether the privilege invoked be considered an absolute or a qualified one, because the ruling of the Court below upon the first count of the *narr.* is correct in either event. If the privilege be an absolute one, no action can be maintained at all for the alleged libellous words; and if, on the other hand, it be only a qualified privilege, that is, a privilege protecting the party using the words, provided the thing written has relation to the subject-matter undergoing judicial investigation, the action cannot be sustained, in this case, for the reason that every averment of the petition did have a most direct relation to the subject-matter

brought before the Court under that petition. The concession made by the demurrer that these statements were false and maliciously made does not render them actionable if the privilege be absolute, or if they be within the scope of a qualified privilege such as has been described.

Now, both the appellant and the appellee were receivers in the case of *Muir vs. Whiting and Company*. It was their duty to collect the assets of the firm and to preserve them for the benefit of the trust. If either of them became derelict in his duty, it was plainly incumbent upon the other to bring that fact to the knowledge of the Court whose officers they both were. The proper and the only mode to do this was by petition filed in the case and addressed to the Court. This the appellee did. His act was, therefore, in the due, ordinary and regular course of justice. It was strictly within the line of a proper proceeding before a tribunal having jurisdiction of the subject and having control of its own officers. Even though the words used in the petition are libellous, we think, with Mr. Addison, that under such circumstances, no case can be found where a recovery has been allowed in a suit for libel founded upon statements contained in such a proceeding, and the reason is obvious. To allow such suits to prevail would most effectually deter every one from presenting a well-founded complaint for fear of being pursued with "infinite vexation." It is better, therefore, where the statements are false and knowingly false, to leave the party injured to the redress which the Criminal Court may apply, than to open the door for the institution of civil suits which may be successfully used as an efficient means to obstruct the full and fearless pursuit and administration of justice.

In our judgment there is nothing disclosed by the first count of the *narr*. to warrant a recovery against the appellee.

The second count presents, however, a different question. It is a count in case for the malicious abuse of the process of the Court; and after reciting that "it became the duty of the said defendant not to use the process of the said Court falsely and maliciously to injure the said plaintiff," it avers that the defendant did "maliciously make use of the process of the said the Circuit Court of Baltimore City by causing to be filed a petition in the said Court to which he made affidavit for the purpose of having the said Bartlett declared in contempt of Court and removed from his office of receiver, and to disgrace him in the eyes of the defendant, William P. Whiting;" and that "the facts alleged in the said petition against the said Bartlett were false to the knowledge of the said defendant." It further proceeds, "by which illegal acts of the defendant, the plaintiff was greatly damnified and injured in his feelings, reputation and business, and especially he lost thereby the custom of the following named firms, to wit:" setting forth their names, "and lost his commissions which would have arisen from his said office of receiver, and was otherwise greatly injured."

This is not a count for the malicious prosecution of a civil suit without probable cause. Such actions have been held to lie, "although," as observed by this Court, in *Clements' Case*, 67 *Md.*, 462, "there is some conflict as to the cases embraced within the rule." But it was settled in *McNamee vs. Minke*, 49 *Md.*, 133, that a suit for the malicious prosecution of an action of ejectment could not be maintained; the Court, observing that when it has been attempted to hold a party liable for the prosecution of a civil proceeding, it has generally been in cases where there has been an alleged malicious arrest of the person, as in the case of *Turner vs. Walker*, 3 *Gill & J.*, 377, or a groundless and malicious seizure of property, or the false and mali-

cious placing the party in bankruptcy, or the like. The same view was taken in *Mayer vs. Walter*, 64 *Pa. St.*, 283.

A malicious abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it, is secured. "Whoever," says *Mr. Addison*, in the second volume of his work on *Torts, sec.* 868, "makes use of the process of the Court for some private purpose of his own, not warranted by the exigency of the writ or the order of the Court, is amenable to an action for damages for an abuse of the process of the Court." In support of the text, he refers to the case of *Grainger vs. Hill*, 4 *Bing., N. C.*, 212. In that case, the defendant having instituted proceedings against the plaintiff caused a writ to issue against him, but employed the officer charged with the execution of the writ to use it as a means of compelling the plaintiff to give up a ship's register—an object totally foreign to that for which the process actually issued. So also in *Sommer vs. Wilt*, 4 *Serg. & R.*, 19, where under a *fi. fa.* on a judgment on a bond with a penalty, the plaintiff directed goods to be levied on and sold to the amount of the penalty, or in double the amount of the debt due on it. In *Churchill vs. Siggers*, 3 *El. & Bl.*, 929, Lord CAMPBELL, C. J., said that "it would not be creditable to our jurisprudence if the debtor had no remedy by an action where his person is, or his goods have been taken in execution for a larger sum than remained due on the judgment, this having been done by the creditor maliciously and without reasonable or probable cause." All these are instances in which the writ regularly and properly sued out was perverted, abused and made an

instrument of oppression.   Either something not warranted by its terms, or something in excess of that which was warranted, was done under it.   It would, indeed, be a serious reproach to the law, if, in such cases, it afforded no remedy or redress to the injured party.   The denial of a remedy in such cases, upon the ground that the law was incapable of affording redress, would be a most serious reflection upon the remedial efficacy of any system of jurisprudence.   It would proclaim to the evil-disposed an unrestricted license to sue, harass and injure without accountability, even though their victims should be thereby utterly ruined in their circumstances.

But the case before us does not come within the principle announced in the decisions we have cited.   There is nothing on the face of the declaration to show that the order of the Circuit Court was, after having been issued, misused in any way.   It was served upon the appellant as its terms directed.   He was not arrested and his property was not seized under it.   It is true that the count avers that the appellee did maliciously make use of the process of the Court by causing to be filed a petition for the purpose of having the appellant declared in contempt, etc.; but these averments relate to acts done with a view to the *procuring* of the order, and not to anything done *under* or in pretended pursuance of the order.   The allegations of the count impeach the good faith of the proceedings which culminated in the order.   They do not show any abuse of the order when issued.   If the order was procured maliciously, falsely and without probable cause, that circumstance would furnish no ground for holding that the regular and proper service of the order amounted to a malicious abuse of the process of the Court.   The manner of obtaining the order is quite a different thing from the manner of executing it, when obtained.   Or

Bartlett *vs.* Christhilf.

in the language of BOSANQUET, J., in *Grainger vs. Hill,* "the action is not for maliciously putting process in force; but for maliciously abusing the process of the Court."

All the cases upon this subject depend either upon the arrest of the person or the seizure of his property; and we have been referred to none where this action was sustained for an injury to the plaintiff's business or good name. Any unfounded suit may result in such injury; but it will hardly be seriously contended that where there has been no wrongful deprivation of liberty or no illegal seizure of property, that each unfounded suit is to be treated as such an abuse of the process of the law as will sustain an action against the one who instituted it. At all events, we are not prepared to establish such a doctrine, in the absence of all authority to sanction it, and in view of the vexatious and multiplied litigation to which it would inevitably lead.

We find nothing in this declaration which indicates that the process of the Circuit Court was maliciously abused or abused at all, in its service, or that the appellant was wrongfully arrested, or that his property was illegally seized under it.

It follows, therefore, that the ruling of the Court on the demurrer to this count was also correct, and that its judgment must be affirmed.

*Judgment affirmed.*

(Decided 13th June, 1888.)