Rall v. Donnelly.

---

### Tola Rall v. Ed. Donnelly, Levi Perce, John R. Lamb, Robert Davidson, Anthony McAllister, Jasper N. Johnson, August Westphal and John L. Phillips.

1. LIBEL—*Statements in Affidavits.*—A witness is protected against a suit for defamation of character as to his testimony given on the trial of an issue before a court, and a person making an affidavit to be used

before a court in opposition to a motion for temporary alimony in a divorce suit is entitled to the same privilege.

**Memorandum.**—Action for libel. In the Circuit Court of Jo Daviess County; the Hon. JOHN D. CRABTREE, Judge, presiding. Judgment for defendants on demurrer to plea; error by plaintiff. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

### COPY OF THE AFFIDAVIT IN QUESTION.

STATE OF ILLINOIS,  }  In Justice Court.
Jo Daviess County.

We the undersigned being first duly sworn deposes and says that We have known Mrs. Tola Rall Wife of Fred C. Rall of Hanover Ill for a number of yrs. Would further depose and say that she has not been a resident of Hanover Ill for the two yrs last past. that prior to that time she had been considered by the people of Hanover as a Woman of Lewd character unfit to be the Wife of any Man.

Affiant would further state upon Information and belief that she is nothing more than a common prostitute that the people of Hanover would not tolerate her actions here any longer. Furthermore that it would be a great Injustice to compel her Husband F. C. Rall to pay alimony or solicitors fees in any suit he may have pending in the courts for a dissolution of their Marriage Contract.

### BRIEF FOR PLAINTIFF IN ERROR, HENRY W. MONTROSE, ATTORNEY.

If the duty to speak or publish is not imperative, it is only a moral or social duty of imperfect obligation; the case is conditionally privileged. But, in all cases, the privilege springs from a duty to speak or publish, and is dependent upon it. When there is no duty there is no privilege. Cooley, Const. Lim. (2d Ed.), 425; Cooley on Torts, 210 *et seq.;* 13 Am. and Eng. Ency. of Law, 403–5.

The case of a witness in judicial proceedings is an illustration of the case of absolute privilege so long as his testimony is pertinent and material. But he must "not wander from the case in giving his testimony, and abuse his privilege by

testifying to that which is impertinent and immaterial, and which has not been called out by questions of counsel." Cooley on Torts, 211; Newell on Slander and Libel, 424, 425.

An answer to a bill in chancery from information, hearsay and belief can not be used as evidence, except perhaps where the facts answered by the defendant against his interest are from information, and he states additionally that he believes them to be true.   Arline v. Miller, 22 Ga. 330.

In determining the question of temporary alimony only two questions were at issue : (1) the wife's needs, and (2) the husband's financial ability.    The wife is entitled, as a matter of right, to the necessary means to defend herself against her husband's suit.    They are a common law " necessary." Harding v. Harding, 144 Ill. 588;  Millowitsch v. Millowitsch, 47 Ill. App. 357;  Petrie v. People, 40 Ill. 334.

The husband being complainant, he could not even present affidavits as to his wife's means and his faculties.    1 Am. and Eng. Ency. of Law, 474.

Even if the husband had charged adultery, the court would not have heard the affidavit set forth in the plea on the question of temporary alimony.   Puterbaugh's Ch. Pr. and Pl. (2d Ed.), 518;  Burgess v. Burgess, 25 Ill. App. 525.

Had it done so, it would have been error.   Burgess v. Burgess, *supra.*

Affidavits can not be used as evidence upon a material question at issue.   1 Am. and Eng. Ency. of Law, 314, and cases cited; Taylor v. Irwin, 94 Ill. 488.

BRIEF FOR DEFENDANTS IN ERROR, D. & T. J. AND J. M. SHEEAN, ATTORNEYS.

Statements in judicial proceedings believed to be pertinent are not actionable.   Newell on Slander and Libel, 425; 13 Am. & Eng. Encl. of Law, 406–408.

It makes no difference whether the charge is sufficient to effect its legal object or not.   Hartsock v. Reddick, 6 Black. 256.

It is not material whether it is sufficient to effect its object or not if made in the due course of a legal or judicial proceeding.   Strauss v. Meyer, 48 Ill. 385.

Affidavit, filed in legal proceeding, if pertinent and material, is sufficient defense to action for slander, as privileged. Newell on Slander and Libel, 424–425; Spaids v. Barrett, 57 Ill. 291.

Communication to board of supervisors privileged. Young v. Richardson, 4 Brad. 364.

Petition to circuit judge must be shown to be malicious. Whitney v. Allen, 62 Ill. 472.

It is not for witnesses to determine whether the matter is material or not. Calkins v. Sumner, 13 Wis. 195.

" The question of fact whether the words were spoken under such circumstances that the defendant had reason to believe and did in good faith believe that it was necessary for him to repeat the charge should have been distinctly submitted to the jury." Allen v. Crofoot, 2 Wend. (N. Y.) 516.

In communication such as this the plaintiff must show actual malice and want of probable cause. Newell on Slander and Libel, 406–407; Howard v. Thompson, 21 Wend. (N. Y.) 219.

In determining what is pertinent much latitude must be allowed to the judgment and discretion. Hoar v. Wood, 3 Metc. (Mass.) 197.

A complaint to the grand jury containing a charge of perjury is not a libel, although before its presentation to them it was exhibited to various persons by whom it was signed. Newell on Slander and Libel, 449; Kidder v. Parkhurst, 3 Allen (Mass.), 393.

If one who lost goods by theft goes to the house of the person whom he suspects to have stolen them, and there, in reply to questions put as to the object of his visit, accuses that person of the theft, the statement is privileged. Brow v. Hathaway, 13 Allen (Mass.) 239.

A report made by grand jurors to the District Court, imputing to an officer misconduct in office, is not a privileged communication; but when made in good faith and in the belief that it came within the discharge of their duty, is not actionable. Newell on Slander and Libel, 459; Rector v. Smith, 11 Iowa, 302.

A. privileged communication means nothing more than that the occasion of making it rebuts the *prima facie* inference of malice arising from the publication of matter prejudicial to the character of the plaintiff. Newell on Slander and Libel, 494–495; White v. Nicholls, 3 How. (U. S.) 287.

Mr. Justice Lacey delivered the opinion of the Court.

The plaintiff in error sued the defendant in error in an action on the case for libel for publishing the following words, to wit: That is to say, " She is nothing more than a common prostitute."

The declaration contained two counts, one without and one with innuendo. Besides the general issue, defendants in error pleaded by their second special plea that the plaintiff's husband had begun suit in the Circuit Court against her for divorce, averring in the plea that the plaintiff in error had made application to the court in the divorce suit for temporary alimony and solicitor's fees, which her husband was resisting; that defendants in error were informed by her husband that he was directed by his counsel to procure such an affidavit as is set out in the plea, and that the facts set out therein were pertinent and material to the issue between the plaintiff and her husband on the question of temporary alimony; that believing the said matters were pertinent and material to such issue, they made and subscribed the affidavit in question, before a justice of the peace, containing, among other things, the following statements, to wit: "Affiant would further state upon information and belief that she is nothing more than a common prostitute."

The plea further averred that the said affidavit was sworn to in good faith, without malice, for the sole purpose of filing the same in said court, and to be used in the judicial proceeding therein mentioned, bearing on the question of temporary alimony, with a full and sincere belief that the matters set forth in the affidavit were true and pertinent to the issue to be determined by said court in said application for temporary allowance; that for said purpose it was deliv-ered to plaintiff's husband and was filed by his counsel in

the Circuit Court and presented to such court in resistance
to plaintiff's application for alimony and attorney's fees in
the course of hearing.

The plaintiff in error demurred generally to this plea.

The court, upon hearing, overruled the demurrer, and
plaintiff in error abiding her demurrer, the court gave
judgment in bar against her on the plea and for costs.

We are of the opinion that the court below committed
no error in overruling the demurrer to the second plea.
The plea sets up facts which show that the affidavit con-
taining the supposed libelous matter was uttered and pub-
lished on a lawful occasion.   A witness is protected
against suit for defamation of character as to his testimony
given on a trial of an issue before a court, and we see no
good reason why a person making an affidavit to be used
before a court in opposition to a motion like the one made
in the divorce suit mentioned in the plea should not also be
protected.  Affidavits of this kind are permitted to be used on
such hearings according to the practice in our courts in such
cases.   The suitor may legally file and use them as evidence
on the hearing of such motions if he does so in good faith
and with an honest purpose in furtherance of his defense.
Such suitor would certainly be privileged in the use of the
affidavit, and it would follow that the maker of the affidavit
would likewise be protected.  He could not be regarded as
a mere intermeddler intruding his statements where they
were not justified, as is contended by counsel for plaintiff in
error.  The law and practice of our courts sanctions the use
of such affidavits, and it would be an unreasonable rule of
law that would not protect the maker of the affidavit, where
it was made in good faith, in a matter pertinent to the issue
and without malice.  We are of the opinion that the plea
shows the affidavit to be one which the law sanctions, at
least as *prima facie* privileged.  The truth of the plea was
admitted by the demurrer.  Plaintiff in error should have
taken issue on the material averments of the plea.  If the
averments of the plea were true, there would be no cause
of action, the charge of malice, the gist of the action, being

entirely rebutted by the averments in the plea. To maintain an action on appellant's part, under the allegations of the plea, she must show express malice and want of probable cause.  Clark v. Sumner, 13 Wis. 193;  Ham v. Blanchard, 5 John. R. 508;  Hayward v. Thompson, 21 Wend. 319;  Rector v. Smith, 11 Iowa 302;  White v. Nichols, 3 How. 287;  Whitney v. Allen, 62 Ill. 472;  Straus v. Meyer, 48 Ill. 385;  Spaids v. Barrett, 57 Ill. 291;  Young v. Richardson, 4 Ill. App. 364.

Seeing no error in the record, judgment is affirmed.