[No. 3083. Decided February, 16, 1899.]

T. O. ABBOTT, *Appellant,* v. NATIONAL BANK OF COMMERCE OF TACOMA, WASHINGTON, *et al., Respondents.*

LIBEL—ALLEGATIONS IN PLEADINGS—JURISDICTION OF COURT—HOW DETERMINED.

Allegations contained in pleadings filed in a court of competent jurisdiction are absolutely privileged, where they are relevant and pertinent to the cause, regardless of their falsity or maliciousness.

Whether the court had jurisdiction of the subject matter and of the parties, in an action wherein alleged libelous pleadings were filed, is purely a legal question, to be determined from an inspection of the pleadings themselves.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.    Affirmed.

*T. O. Abbott (W. C. Sharpstein* and *Jesse Thomas,* of counsel), for appellant.

*W. H. Bogle,* and *Charles Richardson,* for respondents.

The opinion of the court was delivered by

GORDON, C. J.—Appellant brought this action to recover damages for an alleged libel. The supposed libelous matter was contained in a bill filed in the United States court for the district of Washington by the National Bank of Commerce of Tacoma, one of the respondents, against its former officers and directors, which bill alleged, in substance, that the defendants in that action, while managing the affairs of the bank, had negligently loaned large sums of money, aggregating about $42,000, to the plaintiff in this action; that he (the plaintiff) had no property or means of any consequence at the time when said loans were made, was financially irresponsible, and indebted beyond his ability to pay; and that his condition in that regard could have been ascertained, had such officers investigated, and that they would have found plaintiff was "constantly and heavily engaged in hazardous and uncertain speculations and risks;" that by reason of such loans the funds of the bank to the amount hereinbefore mentioned were totally lost. The respondents Thorne, Wallace and Huggins were the managing officers and directors of the bank at the time when the action was instituted in the federal court, and the respondents Bogle and Richardson were the attorneys for the bank in that action. In his complaint in the present action the plaintiff alleges that the allegations which related to the plaintiff were false, and were made wrongfully, wickedly, maliciously and without probable cause. Respondents answered, setting up three affirmative defenses, one of which was that the words complained of were used in a pleading which is set out in full in the answer, and that they were pertinent, relevant and material to the issue presented in that cause. The reply admits the correctness of the pleading so set out, but denies the other allegations. The lower court sustained respondents' motion for judgment upon the pleadings, and plaintiff has

appealed therefrom.    In the course of litigation in the lower court, various rulings were made which become immaterial in the disposition of this cause, if it be determined that the court was right in rendering the judgment upon the pleadings.    Few, if any, of the numerous authorities cited by appellant are in point.    In the main, they relate to communications which are only conditionally privileged and have little or no analogy with cases like the present, where the supposed libelous matter is contained in a pleading.

Whether the federal court had jurisdiction of the cause in which the pleading was filed, and of the parties thereto, is purely a legal question, to be determined from an inspection of the pleading itself.    The federal court overruled a demurrer to the bill which contained the objectionable matter, and we are constrained to hold, as did that court, that it had jurisdiction.    See *National Bank of Commerce v. Wade,* 84 Fed. 10.

We think it requires no argument to demonstrate that the words complained of were pertinent and material to the cause, and the question to be determined is, Were they absolutely privileged, regardless of whether they were true or false, used maliciously or in good faith?    The doctrine of privileged communications rests upon public policy, "which looks to the free and unfettered administration of justice, though, as an incidental result, it may, in some instances, afford an immunity to the evil-disposed and malignant slanderer."    *Bartlett v. Christhilf,* 69 Md. 219 (14 Atl. 518).    It can not be doubted that it is a privilege liable to be abused, and its abuse may lead to great hardships; but to give legal sanction to such suits as the present would, we think, give rise to far greater hardships.    The rule is tersely stated in *Wilson v. Sullivan,* 81 Ga. 238 (7 S. E. 274), as follows:

" All charges, allegations and averments contained in regular pleadings addressed to and filed in a court of competent jurisdiction, which are pertinent and material to the redress or relief sought, whether legally sufficient to obtain it or not, are absolutely privileged."

In *Hoar v. Wood*, 3 Metc. 193, the supreme judicial court of Massachusetts, speaking through Chief Justice SHAW, say:

" Then we take the rule to be well settled by the authorities, that words spoken in the course of judicial proceedings, though they are such as impute crime to another, and therefore if spoken elsewhere, would import malice and be actionable in themselves, *are not actionable, if they are applicable and pertinent to the subject of inquiry.* The question, therefore, in such cases is not whether the words spoken are true, not whether they are actionable in themselves, *but whether they were spoken in the course of judicial proceedings, and whether they were relevant and pertinent to the cause or subject of inquiry.*"

The authorities which support this proposition are so numerous that we will undertake to cite only a few of the leading and more recent cases. *Ash v. Zwietusch,* 159 Ill. 455 (42 N. E. 854); *Vogel v. Gruaz,* 110 U. S. 311 (4 Sup. Ct. 12); *Hollis v. Meux,* 69 Cal. 625 (11 Pac. 248, 58 Am. Rep. 574); *Link v. Moore,* 32 N. Y. Supp. 461; *Gains v. Aetna Ins. Co.* 47 S. W. (Ky.) 884; *Bartlett v. Christhilf,* 69 Md. 219 (14 Atl. 518); *Runge v. Franklin,* 72 Tex. 585 (10 S. W. 721, 13 Am. St. Rep. 833); *Wilson v. Sullivan,* 81 Ga. 238 (7 S. E. 274); *Moore v. Manufacturers' National Bank,* 123 N. Y. 420 (25 N. E. 1048); *Rainbow v. Benson,* 71 Iowa, 301 (32 N. W. 352).

It appearing that the words of which the plaintiff complains were used in a pleading filed in a court of competent jurisdiction, and that they were pertinent and material, we conclude that they fall within that class of communications which the law regards as absolutely privileged, and the judgment must be affirmed.

DUNBAR, REAVIS and ANDERS, JJ., concur.

FULLERTON, J., not sitting.