[No. 10577.    Department Two.    November 20, 1912.]

PAULINE MILLER, *Appellant*, v. SARAH A. GUST,
*Respondent*.[1]

LIBEL AND SLANDER—PRIVILEGE — ABSOLUTE PRIVILEGE — JUDICIAL
PROCEEDINGS. Allegations in a complaint and affidavit in a divorce
case charging adultery with a certain person are absolutely privileged
if pertinent and relevant to the issue; and the rule of privilege is not
changed by Rem. & Bal. Code, § 294, providing that every charge of
adultery against a female shall be actionable "in the same manner as
in the case of slanderous words charging a crime;" hence a complaint
by the co-respondent for libel is demurrable, though the words are al-
leged to be false and malicious, where it is not charged that they
were not pertinent and relevant to the issue.

Appeal from a judgment of the superior court for King
county, Myers, J., entered January 20, 1912, dismissing an
action for libel, on sustaining a demurrer to the complaint.
Affirmed.

*H. E. Foster*, for appellant.

*Edward Judd*, for respondent.

ELLIS, J.—This is an appeal by the plaintiff from a judg-
ment, upon a demurrer to the complaint, dismissing an action
for libel.   The alleged libelous matter was  contained  in
papers filed in the divorce suit of Gust v. Gust, in the supe-
rior court of King county, which was recently reviewed by
this court on appeal. *Gust v. Gust*, 70 Wash. 695, 127 Pac.
292. In that case, the complaint charged adultery between the
defendant therein and some woman whose name was not given.
Later an affidavit was filed in that case, stating that the
woman referred to in the complaint was the plaintiff in the
present action.   The complaint in this action alleged these
facts in detail, and stated that the defendant (respondent
here) by these allegations maliciously and wickedly intended
to injure the appellant in her good name, fame, and credit,

[1]Reported in 127 Pac. 845.

and to bring her into public scandal, infamy, and disgrace; that the charges were false, and that the respondent at the time of making them so knew.

The appellant contends that, by the provisions of the statute (Rem. & Bal. Code, § 294), charges of this character against a female are actionable, regardless of the usual rule of privilege. We think not. The statute says that such words shall be actionable "in the same manner as in the case of slanderous words charging a crime," etc. If, therefore, the words complained of were used under circumstances in which any other charge of crime would be privileged, then they also would be privileged. The rule of absolute privilege as to charges of crime made in the course of juridical proceedings which, if spoken or otherwise published elsewhere, would be actionable, is succinctly stated by the supreme court of Massachusetts as follows:

"Then we take the rule to be well settled by the authorities, that words spoken in the course of judicial proceedings, though they are such as impute crime to another, and therefore if spoken elsewhere, would import malice and be actionable in themselves, are not actionable, if they are applicable and pertinent to the subject of inquiry. The question, therefore, in such cases is not whether the words spoken are true, not whether they are actionable in themselves, but whether they were spoken in the course of judicial proceedings, and whether they were relevant and pertinent to the cause or subject of inquiry." *Hoar v. Wood*, 3 Met. 193, 197.

The foregoing language was quoted by this court with approval in *Abbott v. National Bank of Commerce*, 20 Wash. 552, 56 Pac. 376, in which case it is shown, on copious authority, that the privilege is grounded in a wholesome public policy which regards the public good, resulting from a free and untrammeled inquiry in courts of justice, as paramount to the redress of occasional private wrongs which may result from an abuse of the privilege. The following authorities in addition to those cited in *Abbott v. National Bank of Commerce, supra*, further exemplify the broad and absolute

character of the privilege where the matter, whether contained in pleadings or affidavits, is pertinent to the subject of the inquiry: · *Strauss v, Meyer*, 48 Ill. 385; *Hart v. Baxter*, 47 Mich. 198, 10 N. W. 198; *Garr v. Selden*, 4 N. Y. (Comstock) 91; *Marsh v. Ellsworth*, 50 N. Y. 309; *Lea v. White*, 4 Sneed (Tenn.) 110; *Gaines v. Aetna Ins. Co.*, 104 Ky. 695, 20 Ky. Law 886, 47 S. W. 884; *Rall v. Donnelly*, 56 Ill. App. 425.

"Every affidavit sworn in the course of a judicial proceeding before a court of competent jurisdiction is absolutely privileged, and no action lies therefor, however false and malicious may be the statements made therein. So are all pleadings, and instructions to counsel. So are articles of the peace exhibited against the plaintiff. The only exception is where an affidavit is sworn recklessly and maliciously before a court that has no jurisdiction in the matter, and no power to entertain the proceeding. In all other cases the plaintiff's only remedy is to indict the deponent for perjury, if he dare." Odgers, Libel & Slander, p. 175, *pp. 191, 192.

The complaint before us does not charge that the allegations complained of, as found either in the offending complaint or in the affidavit, were not relevant and pertinent to the cause or subject there under inquiry. The very nature of that action invites the presumption that they were relevant and pertinent. Their relevancy and pertinency in that case constitute the one dominant, issuable fact in this case; not the truth, falsity, or maliciousness of the words. That dominant issue was not tendered by the complaint here involved. The demurrer admitted the truth only of the *material* allegations of the complaint. It did not admit the allegations of malice and falsehood, which were wholly immaterial without the further allegation of facts showing irrelevancy and impertinence.

The demurrer was properly sustained. The judgment is affirmed.

Mount, C. J., Fullerton, Main, and Morris, JJ., concur.