[No. 13668.   Department Two.   January 30, 1917.]

# R. D. SMITH, *Appellant*, v. J. P. DRISCOLL *et al.*, *Respondents*.[1]

PLEADING—COMPLAINT—DESIGNATION OF ACTION.  Where the facts stated in a complaint entitled the plaintiff to relief, it is immaterial by what name the action was called.

PHYSICIANS AND SURGEONS—PRIVILEGED COMMUNICATIONS—LIABILITY.  A physician is not liable for disclosing confidential communications by testifying on the witness stand, if the testimony complained of was admissible in the case in which it was given and was relevant and pertinent to the issues; nor if compelled to give the testimony by rulings of the court.

SAME—PLEADING—COMPLAINT.   In such a case, a complaint for damages is demurrable where it fails to negative the *prima facie* presumption that the testimony was privileged by alleging that the statements complained of were not admissible and were not relevant or pertinent to the issues; or where it shows that the testimony was given in response to questions in obedience to rulings of the court.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered May 9, 1916, upon sustaining a demurrer to the complaint, dismissing an action for slander.   Affirmed.

*Davis & Johnson*, for appellant.

*Driscoll & Leonard*, for respondents.

WEBSTER, J.—Appellant instituted this action against respondents, who are licensed· and practicing physicians and surgeons, to recover damages for an alleged wrongful publication and disclosure of confidential information acquired by them in their professional capacity.   From a judgment upon a demurrer to the complaint dismissing the action, this appeal is prosecuted.

[1]Reported in 162 Pac. 572.

The portion of the complaint necessary to an understanding of this opinion reads as follows:

"That on or about the 11th day of March, 1916, the respondents and each of them slandered the plaintiff as follows, to wit: That the defendants and each of them, as witnesses in the case entitled F. P. Leonard v. R. D. Smith, in justice court in and for Pasco precinct, Franklin county, Washington, before A. F. Wehe, justice, testified over the timely and strenuous objection of the plaintiff as to the facts, information and communications having come to their knowledge in their capacity as physicians and surgeons, having been gained in attending the plaintiff, such information being necessary to enable the said defendants to prescribe for the plaintiff; that the words uttered and published by the defendant while so testifying and over the objections of the plaintiff were——"

We shall not go into the question suggested in respondents' brief that the action is improperly designated as one for slander. If the facts set forth in the complaint entitle appellant to relief, it is wholly immaterial by what name the action is called. Neither is it necessary to pursue at length the inquiry of whether a cause of action lies in favor of a patient against a physician for wrongfully divulging confidential communications. For the purposes of what we shall say, it will be assumed that, for so palpable a wrong, the law provides a remedy.

As we view the record, however, this case must turn on a question of pleading. It affirmatively appears from the complaint that the statements relied upon for recovery in this case were made by respondents while testifying as witnesses in the trial of a cause in a court of justice. The question presented, therefore, is not the naked one of whether a physician is liable in damages at the suit of a patient for wrongfully divulging confidential communications, but the precise question is this: Is a physician, who, while testifying as a witness in the course of a judicial proceeding, discloses confidential communications made to him or profes-

sional information acquired by him while prescribing for a patient, liable in damages to the patient for so testifying? This question cannot be answered categorically. He may or he may not be liable, depending upon the facts of the particular case.

While we have been unable to find any cases directly in point, the applicable principles of law are not difficult to discover. To the ordinary mind it would seem that a physician while testifying in a court of justice is in the same situation as any other witness, and his rights and liabilities are to be determined by the same legal standards that are applied to a witness who is not a physician. We can conceive of no possible reason why the protection which the law, in the interest of a due administration of justice and upon considerations of sound public policy places about witnesses generally, should be denied to a particular witness merely because he is a physician. If this immunity is withdrawn in his case, surely the situation of the physician as a witness is not an enviable one. If he is interrogated and required by the court to answer concerning confidential communications in his professional keeping and does so, he will be rewarded for his obedience to the law by being mulcted in damages to the aggrieved patient. If, on the other hand, he considers it to be his paramount duty to preserve in its integrity his obligation to his patient and refuses to testify, he will be rewarded for his professional loyalty by being committed to jail. Manifestly no such barbarous rule would be tolerated by any system of civilized jurisprudence.

While the question of the civil liability of a witness for statements made by him while on the witness stand usually arises in cases of slander, there is no reason to believe that the same immunity is not enjoyed by a physician while testifying, subject to this qualification, if it may be said to be such: Where a lay witness is sought to be held liable as for slander for defamatory utterances made by him while testi-

fying in court, in addition to showing that the privilege of the occasion was abused, it must also be shown that the statements complained of were false and malicious; while in an action against a physician for divulging confidential information when testifying in the course of a judicial proceeding, it is necessary only to show that the privilege of the witness was abused. This qualification is not based upon any difference in the degree of protection afforded witnesses, but arises because of the difference in the causes of action themselves. We must look, therefore, to the cases of libel and slander to ascertain the rule of immunity from civil liability which the law grants to witnesses generally. And the rule most favorable to appellant is the one clearly stated by Chief Justice Shaw in *Hoar v. Wood*, 3 Met. 193, in this language:

"Then we take the rule to be well settled by the authorities, that words spoken in the course of judicial proceedings, though they are such as impute crime to another, and therefore if spoken elsewhere, would import malice and be actionable in themselves, are not actionable, if they are applicable and pertinent to the subject of inquiry. The question, therefore, in such cases is not whether the words spoken are true, nor whether they are actionable in themselves, but whether they were spoken in the course of judicial proceedings, and whether they were relevant and pertinent to the cause or subject of inquiry."

This statement of the law is approved and adopted by this court in *Abbott v. National Bank of Commerce*, 20 Wash. 552, 56 Pac. 376, and *Miller v. Gust*, 71 Wash. 139, 127 Pac. 845.

It will be observed, therefore, that the liability of the witness generally depends upon whether the testimony complained of was relevant and pertinent to the issues in the case in which the witness was testifying. If it was relevant and pertinent, he is not liable. If it was not, he is. Logical relevancy, however, does not necessarily render proposed testimony admissible. A physician is not permitted to dis-

close from the witness stand the communications of his patient, made in confidence, merely because the information would be relevant and pertinent to the issues involved. Before such testimony may be given, it also must be admissible in the particular case. The important issue, therefore, in an action against a physician for divulging confidential communications while testifying in the trial of a case, is whether the testimony complained of was admissible in the case in which it was given and was relevant and pertinent to the issues. Accompanying this rule, it is held that all testimony given by a witness in the course of judicial proceedings is *prima facie* privileged. This rule seems to arise out of the presumption of regularity which attaches in favor of judicial proceedings. In view of these principles of substantive law, this case falls within the rule of pleading, that, if from facts affirmatively set forth a presumption of law arises the effect of which would be to bar a recovery, in order to state a cause of action the presumption must be negatived. *Miller v. Gust, supra; Cooper v. Phipps,* 24 Ore. 357, 33 Pac. 985, 22 L. R. A. 836; *Liles v. Gaster,* 42 Ohio St. 631; *Hutchinson v. Lewis,* 75 Ind. 55.

The complaint here does not set forth the nature of the action in which the offending testimony was given, nor does it state what the issues were, nor is it in any manner alleged that the statements complained of were not admissible in the case or were not relevant and material to the issues, whatever they may have been. In short, it contains no allegations negativing the effect of the presumption of nonliability. Not only does the complaint fail to negative the *prima facie* presumption of privilege, but, on the contrary, it alleges that the statements complained of were made over the strenuous and timely objection of appellant. This allegation invites the inference that the testimony was given in response to questions and in obedience to the ruling of the court, in which event respondents would not be liable, even though the testimony were both inadmissible and irrelevant.

For these reasons, we conclude that the complaint fails to state a cause of action, and the demurrer was properly sustained.

Affirmed.

MORRIS, FULLERTON, MOUNT, and PARKER, JJ., concur.