**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: JOSEPH SMITH & SONS,
INCORPORATED; In Re: RICHARD
WYBROUGH,
Debtors.

FRED G. ZEHNER; CONTAMINATED
SOIL CONSULTANTS, INCORPORATED,
Claimants-Appellants,

and

BENEDICT A. WIDMER,
Claimant,

CLAUDE B. SHAFFER,
Party in Interest,

v.

JOSEPH SMITH & SONS,
INCORPORATED,
Debtor-Appellee.

No. 96-2744

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-96-137-WMN, BK-94-12947)

Argued: July 7, 1997

Decided: August 5, 1997

Before WILKINSON, Chief Judge, and WILKINS and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Bruce Montgomery Marshall, DURRETTE, IRVIN & BRADSHAW, P.C., Richmond, Virginia, for Appellants. Richard R. Page Wyrough, CAIN & WYROUGH, Upper Marlboro, Maryland, for Appellee. **ON BRIEF:** Douglas Scott, DURRETTE, IRVIN & BRADSHAW, P.C., Richmond, Virginia; Martin B. Ellis, SCHUL-MAN, TREEM, KAMINKOW & GILDEN, P.A., Baltimore, Maryland, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Contaminated Soil Consultants, Inc. (CSC) and its president and primary shareholder, Fred G. Zehner (Zehner) (collectively the Creditors), appeal the district court's affirmance of the bankruptcy court's order disallowing their claims against the bankruptcy estate of Joseph Smith & Sons, Inc. (JSS) for damages flowing from JSS's alleged abuse of civil process. The bankruptcy court disallowed the Creditors' claims on the basis that they could not establish all the elements of the tort of abuse of civil process under Maryland law. The district court agreed. We affirm.

I.

The facts material to resolution of this appeal are not in dispute. At all times relevant to this case, CSC and JSS were both participants in the waste management industry in the State of Maryland. Specifically, both companies sold a product known as "fluff," a byproduct of the

process of recycling scrap metal. Fluff is used to cover up refuse in landfills. After JSS was generally accused of selling contaminated fluff and falsifying lab reports, it filed suit against the Creditors in Maryland state court, alleging various causes of action, including, among others, fraud, conspiracy to commit fraud, defamation and intentional interference with business relations (the Tort Action). The complaint alleged in part that the Creditors conspired with a former disgruntled employee of JSS to harm JSS by delivering a letter to every member of the Prince George's County Council that contained false statements about JSS and by delivering to the same persons copies of false laboratory analyses that were alleged to be from fluff manufactured by JSS.

While the Tort Action was pending, JSS filed for bankruptcy in the United States Bankruptcy Court for the District of Maryland. Thereafter, JSS removed the Tort Action to the bankruptcy court. Following extensive discovery between JSS and the Creditors, JSS made a motion to voluntarily dismiss the Tort Action. The bankruptcy court granted the motion.

Each creditor subsequently filed a proof of claim in the JSS bankruptcy case for $2.5 million. The proofs of claims listed the tort of abuse of civil process as their basis. According to the proofs of claims, JSS's filing and subsequent maintenance of the Tort Action "caused [them] severe financial damages . . . in the form of loss of business and loss of financial investment." (J.A. 41, 44).

JSS objected to the Creditors' claims on the basis that they did not allege facts necessary to establish the tort of abuse of civil process under Maryland law. After conducting a hearing on the matter, the bankruptcy court sustained JSS's objections and disallowed the Creditors' claims. The Creditors appealed to the district court, alleging various points of error, including that the bankruptcy court had improperly allocated the burden of proof between the parties. The district court affirmed the bankruptcy court, and the Creditors noted a timely appeal.

II.

As do district courts, we review the factual findings of a bankruptcy court for clear error and its conclusions of law de novo. See

3

In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992). Here, our review reveals that the bankruptcy court did not err in sustaining JSS's objections and disallowing the Creditors' claims.

The parties agree that the Creditors' claims must be tested under Maryland law. As most recently articulated by the Court of Appeals of Maryland, the elements of the tort of abuse of civil process in Maryland are: (1) a willful use of civil process on the part of the defendant after the process has issued in a manner not contemplated by law; (2) an ulterior motive; and (3) damages resulting from the defendant's abuse of process in the form of arrest of the person or seizure of property of the plaintiff. See One Thousand Fleet Ltd. Partnership v. Guerriero, 1997 WL 324389, at *4, *9 (Md. June 12, 1997). In elaborating on the last element, the court in One Thousand Fleet, Ltd. quoted the following passage from Bartlett v. Christhilf, 14 A. 518 (Md. 1888), with approval:

> All the cases upon this subject depend either upon the arrest of the person or seizure of his property; and we have been referred to none where this action was sustained for an injury to the plaintiff's business or good name. Any unfounded suit may result in such injury; but it will hardly be seriously contended that where there has been no wrongful deprivation of liberty or no illegal seizure of property, that each unfounded suit is to be treated as such an abuse of process of the law as will sustain action against the one who instituted it.

One Thousand Fleet Ltd., 1997 WL 324389, at *9 (quoting Bartlett, 14 A. at 522).

In accord with this statement of Maryland law, the court in One Thousand Fleet, Ltd. affirmed a trial court's dismissal of an abuse of process claim, because the plaintiff, a Maryland limited partnership engaged in real estate development in Baltimore City, Maryland, only alleged that it "lost money, suffered a delay of[one of] its project[s], and faced increased construction, legal and financing costs" as a result of the defendant's alleged abuse of process. Id. at *9-10. The plaintiff did not allege arrest of the person or seizure of its property. Id. at *10.

4

Here, we need not consider whether the Creditors' claims meet the first and second elements of an abuse of civil process claim under Maryland law, because they obviously fail to meet the third element. Rather than alleging damages in the form of arrest of the person or seizure of property, the Creditors have only alleged damages in the form of loss of business and loss of investment. Under Maryland law as most recently articulated in One Thousand Fleet, Ltd., such allegations, even if proven to be true, cannot meet the third element. Accordingly, we affirm the district court's decision affirming the bankruptcy court's order sustaining JSS's objections and disallowing the Creditors' claims.

AFFIRMED

5