## THE STATE OF KANSAS v. FRANK WAYNE.

### No. 11,974.   (64 Pac. 69.)

BURGLARY—*Instruments as Evidence.* Instruments not exclusively used for criminal purposes, but of the kind adapted to the commission of a crime with which the defendant stands charged, may be shown to have been in his possession several months before the time of the offense, and may be admitted in evidence on the trial. The facts that such instruments may be used for lawful purposes, and that they were not recently in defendant's possession, go to the weight, and not to the admissibility, of the evidence.

Appeal from Sedgwick district court; T. B. WALL, judge *pro tem.* Opinion filed March 9, 1901. *In banc.* Affirmed.

*A. A. Godard,* attorney-general, and *S. B. Amidon,* county attorney, for The State.

*O. G. Eckstein* and *D. B. Crewson,* for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal from a judgment of conviction of burglary. A bank building was burglariously entered and the bank safe was blown open by the use of some kind of explosive. The appellant was arrested, tried, and found guilty of the offense. Much evidence was adduced upon the trial tending to show his complicity with others in the crime committed. It was proved that within a few hours after the burglary the appellant and his alleged accomplices went to a boarding-house in Wichita, where he had several times previously stopped; that six or eight months before the burglary he had left at the boarding-house some percussion caps of a kind which are used in connection with a fuse for purposes of blasting and exploding. The admission of this evidence is the principal ground of error assigned. The argument against it is the considerable length of time intervening between the appellant's known connection with the percussion caps and the burglary, and the fact that such caps are not necessarily criminal instruments, but may be and often are used for lawful purposes. Neither of these reasons was sufficiently cogent to justify the exclusion of the evidence. They only went to its weight and not to the legality of its admission.

In *Commonwealth v. Brown*, 121 Mass. 69, surgical instruments adapted to effecting abortions, although not exclusively designed for such use, found in the defendant's possession, were held to have been rightly admitted in evidence. In *Commonwealth v. Blair*, 126 Mass. 40, testimony that, five months before the commission of an abortion with which the defendant was charged, he was seen in the possession of a surgical

instrument adapted to effect the operation, was held to have been rightly admitted. The ground upon which the decisions in these cases were rested was the possession by the defendants of instruments fit and appropriate to the commission of the crimes with which they were charged. The fact that they could be used for lawful purposes, and the fact, as in the case last cited, of the considerable lapse of time between the possession of the instrument and the commission of the offense, were held to be matters affecting the weight, and not the admissibility, of the evidence. In such view we concur.

Another claim of error is the admission in evidence of some pennies which the state tried to prove the appellant had expended at the boarding-house before mentioned. The admission of this evidence was immaterial, in the sense that it was not anywise prejudicial to appellant. All other assignments of error were expressly abandoned at the hearing.

The judgment of the court below is affirmed.