[No. 8151.   Department Two.   November 12, 1909.]

DR. JOHN DUNLAP, *Appellant*, v. JOHN C. SUNDBERG *et al.*, *Respondents.*[1]

LIBEL AND SLANDER—PERSON REFERRED TO—PLEADING—COMPLAINT—SUFFICIENCY.  A complaint in an action for libel fails to show that it was published of and concerning the plaintiff, a reputable and duly licensed physician, where the complaint alleges that the defendants, as physicians in an office building, signed and published a petition to the owners of the building reciting that they, as reputable physicians, desiring to uphold the honor of their profession, demanded the removal from the building of osteopaths  .  .  .  . criminal practitioners, medical institutes, advertising specialists, patent medicine fakirs, quacks, charlatans and other fraudulent concerns, and demanded the removal of all such persons and undesirable tenants, although the complaint further alleges that defendant intended thereby to refer to the plaintiff, who was not mentioned in the petition, and whom the complaint alleges to be a reputable and duly licensed physician.

SAME.  Bal. Code, § 4938, providing that in libel it is not necessary to state in the complaint any extrinsic facts to show the application of the libel to the plaintiff, but it shall be sufficient to state such fact generally, does not obviate the necessity of pleading that the publication was so understood by persons seeing it; and a complaint is insufficient, although it contains such general allegation, where it negatives the fact that plaintiff was referred to in the defamatory matter.

[1]Reported in 104 Pac. 830.

39—55 WASH.

Appeal from a judgment of the superior court for King county, Neterer, J., entered February 8, 1909, upon sustaining demurrers to the complaint, dismissing an action for libel. Affirmed.

*Edgar S. Hadley,* for appellant.

*McBurney & Cummings,* for respondents.

Crow, J.—Action for libel, commenced by Dr. John Dunlap, plaintiff, against John C. Sundberg and twenty-four other defendants. General demurrers interposed by the defendants were sustained; whereupon the plaintiff elected to stand upon his complaint, and has appealed from an order of dismissal.

This action involves the same petition which was published and of which complaint was made in *Lathrop v. Sundberg,* *ante* p. 144, 104 Pac. 176, reading as follows:

"We, the following reputable physicians and dentists, occupying offices in the Eitel Building, endeavoring to uphold the honor and dignity of our professions and desiring to encourage only the best and most desirable tenants for our office building, and thereby conserve the best interests of the public at large, are most emphatically opposed to the indiscriminate rental of offices in this building to osteopaths, neuropaths, autopaths, chiropractors, uptomtereists, unprofessional masseurs, criminal practitioners, 'medical institutes,' advertising 'specialists,' patent medicine fakers, quacks, charlatans, and other fraudulent concerns. We therefore demand the removal of all such persons now holding offices in this building and the exclusion therefrom of all such undesirable tenants in the future."

The appellant alleged that, on March 16, 1908, the respondents, with intent to harass and humiliate him, caused to be published in the Seattle Times, and circulated, the above mentioned petition of and concerning him in his business and professional capacity; that at the time of its publication and circulation, he was and now is a duly licensed physician, an alumnus of Princeton, Yale, Baltimore and New York

universities; that he holds licenses to practice medicine from the states of Montana, Illinois, and Washington; that he has been a practitioner in each of those states, and that as a further preparation for the practice of his profession, he has studied abroad in the hospitals of Europe. He further alleges:

"That at the time of the circulation and publishing of said libel the plaintiff was, as aforesaid, practicing his profession as a physician and surgeon in the Eitel building, and the defendants and each of them, when publishing and circulating said petition, intended to and did charge the plaintiff with being a quack and a charlatan in his business and profession, and charged the plaintiff with being an illegitimate practitioner, and in his business and professional capacity violating the laws of the state of Washington, and perpetrating frauds upon the public; and they further designated this plaintiff as being an undesirable tenant for said building and that his business and his manner of carrying on the same reflected upon the reputation of the building in which the plaintiff and the defendants were situated, and brought disgrace and shame upon the defendants who deemed themselves as reputable physicians."

The appellant's name was not mentioned in the petition or publication. If the complaint is sufficient to show that the words were in fact written and published of and concerning him, the demurrer should have been overruled. *Lathrop v. Sundberg, supra.* The respondents, however, contend that the complaint does not state a cause of action, for the reason that its allegations fail to show that the words were published of or concerning appellant in any capacity whatever, or that they were so understood by any third person. The article protested against the indiscriminate renting of offices in the Eitel building to persons therein designated and classified as "osteopaths, neuropaths, autopaths, chiropractors, umtomtereists, unprofessional masseurs, criminal practitioners, 'medical institutes,' advertising 'specialists,' patent medicine fakers, quacks, charlatans, and other fraudulent concerns." But reputable physicians are not complained of or

mentioned. Giving the complaint a most liberal construction, we fail to find any allegation that includes the appellant in any one of the classes that are enumerated. On the contrary, the complaint alleges, and the demurrer admits, that he is an educated and licensed physician, practicing his profession in the Eitel building. The petitioners made no complaint of any such person. In the *Lathrop* case it was alledged that the plaintiff was an osteopath, practicing his profession in the building. Osteopaths were specifically mentioned in the petition, and this court held that it classed the plaintiff with criminal practitioners, patent medicine fakers, quacks, charlatans, etc.; that the words were actionable *per se*, and that the complaint stated a cause of action. The petition does not, by the most remote suggestion, so classify any reputable physician such as the appellant alleges himself to be, and we fail to see how he has been injured or can complain. He cannot expect this court to assume that he is one of the unnamed persons designated in the petition and was, therefore, classified as a criminal practitioner, advertising specialist, patent medicine faker, quack, or charlatan, ignoring his positive allegation that he is an educated, reputable, and licensed physician, honorably practicing his profession in the Eitel building. On the contrary, it may be readily inferred from the complaint that he, as a tenant in the Eitel building, was unobjectionable to other reputable practitioners and tenants.

The appellant attempts to avoid the defects of his complaint by calling attention to his allegation that the words were published of and concerning him, citing Bal. Code, §4938 (P. C. §409), which reads as follows:

"In an action for libel or slander, it shall not be necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause arose, but it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff; and if such allegation be controverted,

the plaintiff shall be bound to establish on trial that it was
so published or spoken."

In order that the appellant may maintain an action on the
alleged libelous publication, it must appear not only that it
was written of and concerning him, but also that it was so
understood by some third person who read or heard the words.
The complaint contains no allegation that the article was
understood by any third person to be libelous or defamatory
of him.

In *De Witt v. Wright*, 57 Cal. 576, the court said:

"By §400 of the Code of Civil Procedure, it is rendered un-
necessary to state in the complaint any extrinsic facts for
the purpose of showing the *application to the plaintiff* of the
defamatory matter, but it is sufficient to state, generally,
that the same was published or spoken *concerning* plaintiff;
but this section, in our opinion, does not do away with the
necessity of the averment that the person or persons who
read the writing or heard the words *knew* the plaintiff was
meant. Without such knowledge, as already observed, there
could be no cause of action."

The affirmative allegations of the complaint, to the effect
that the appellant is a reputable physician, negative the gen-
eral statutory allegation that the words were spoken of and
concerning him. Section 535 of the New York Code is, in
substance, the same as § 4938, *supra;* but the court of ap-
peals of New York, in *Fleischmann v. Bennett*, 87 N. Y. 231,
held that merely alleging the application of the article to
plaintiff, in the language of the statute, will not save the
complaint from successful attack by demurrer, when such
allegation is rendered nugatory by other affirmative allega-
tions, showing that the article could not have possibly re-
ferred to him. *Corr v. Sun Printing & Publishing Assn.*,
177 N. Y. 131, 69 N. E. 288; *Fagan v. New York Evening
Journal Pub. Co.*, 129 App. Div. 28, 113 N. Y. Supp. 62.

The petition here pleaded does not name the plaintiff as
one of the persons of whom it complains, nor is it aimed at

any tenant engaged in the practice of his profession as a reputable physician. The appellant does not aver that he was engaged in any one of the occupations designated as objectionable, as did the plaintiff in *Lathrop v. Sundberg* when he alleged himself to be an osteopath. There must have been something in the petition itself which referred to the appellant individually, or included him as one of the particular group of individuals therein mentioned and libeled, or it must have contained descriptive statements with which he can identify himself by proof, to show that the words were written of and concerning him, or he must be so identified with the situation or subject-matter mentioned in the petition that, upon showing his relation to them, it may be fairly inferred that the article was directed against him. Appellant's allegation that he is a reputable physician, which is admitted by the demurrer, expressly excludes him from any one of the classes of alleged objectionable persons mentioned. He has, therefore, pleaded himself out of court, as there is nothing in the complaint to show that the article could, by any intendment, be applied to him, conceding him to be a reputable physician engaged in the practice of his profession as a tenant in the Eitel building.

The complaint fails to state a cause of action. The demurrer was properly sustained, and the judgment is affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, and PARKER, JJ., concur.