[No. 8063. Department Two. January 8, 1910.]

F. M. JEFFERY, *Respondent*, v. HIRAM C. GILL, *Appellant*.[1]

LIBEL AND SLANDER—WORDS IMPUTING CRIME INVOLVING MORAL TURPITUDE—CONSTRUCTION—SUBMISSION TO JURY. Defendant's statement that plaintiff left his wife in the east on her deathbed and came west with a whore, is capable of a construction imputing the criminal offense of living in a state of adultery and involving moral turpitude; and it is accordingly not error, as against the defendant, to submit to the jury the question whether it did impute such crime.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 25, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for slander, after a trial on the merits. Affirmed.

*H. S. Frye, H. B. Hoyt*, and *R. L. Blewett*, for appellant.
*J. A. Rokes* and *F. M. Jeffery*, for respondent.

PARKER, J.—This action was brought by respondent against appellant to recover damages for alleged oral defamation of character. The complaint contains two separate causes of action. The first alleges that appellant, on the 3d day of February, 1908, in the city of Seattle, in the presence and hearing of several persons, spoke in a loud tone of voice the following words to respondent: "Don't speak to me, you son-of-a-bitch. When you left Cripple Creek, you left your wife on her deathbed and came West with a whore." The second alleges that on the same day in the city of Seattle in the presence and hearing of several persons, appellant

[1]Reported in 106 Pac. 129.

spoke and used the following words of and concerning respondent: "Do you know the history of this man Jeffery, whom you are working for? He left his wife on her deathbed and came West with a whore." Appellant answered, admitting the speaking of the words, but denied they were slanderous, and as an affirmative defense, alleged that the words so spoken were true. Respondent replied, denying the truth of the words so spoken. A trial resulted in a verdict and judgment against appellant, from which he has appealed to this court.

Counsel for appellant assign error upon the denial of the motions for nonsuit, and for judgment notwithstanding the verdict, and argue that the trial court should have decided, as a matter of law, that the words spoken by appellant of and concerning respondent did not impute to him a criminal offense involving moral turpitude; to wit, the offense of living in a state of adultery. The learned trial judge being of the opinion that the words spoken were capable of being construed as an imputation of such offense, though they might also be capable of a different construction, submitted to the jury the question of whether or not they did impute to respondent such a crime. It seems clear to us that the words here admitted to have been used, were readily susceptible of the defamatory meaning claimed for them by respondent, hence it was not error as against appellant for the trial court to submit the determination of that question to the jury. Newell, Slander and Libel (2d ed.), 290; 18 Am. & Eng. Ency. Law (2d ed.), 991; 25 Cyc. 543.

The instructions requested by counsel for appellant, defining the offense of living in adultery, were embodied, in substance, in those given by the court to the jury. We conclude the judgment should be affirmed; it is so ordered.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.