[No. 9740.　Department One.　November 9, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. D. A. HATFIELD, *Appellant*.[1]

FORGERY — UTTERING — PRESUMPTION AND BURDEN OF PROOF—INSTRUCTIONS. The presumption from the uttering of a forged deed is one of fact for the jury and not of law, and it is error to instruct that the fact of uttering is presumptive proof of the defendant's guilty knowledge of forgery; since the weight of the circumstances of uttering was for the jury, and it did not shift the burden of proof.

FORGERY — EVIDENCE — ADMISSIBILITY. Upon a prosecution for uttering a forged deed with guilty knowledge of the forgery, it is admissible to introduce in evidence a purported corporate seal of a fictitious abstract company, which might have been used in fabricating titles in that county, which was found in an office occupied by the defendant two months previously (PARKER, J., dissenting).

[1]Reported in 118 Pac. 735.

FORGERY—EVIDENCE—SUFFICIENCY.  A conviction for uttering a forged deed is sufficiently sustained by proof of the forgery, where the grantor and his daughter testified that he was in another state at the time the deed purports to have been executed in this state, and that he did not sign it, although the state did not call the notary who certified to the acknowledgment, where the notary was jointly informed against with the defendant.

Appeal from a judgment of the superior court for King county, Main, J., entered March 4, 1911, upon a trial and conviction of forgery.  Reversed.

*Sidney J. Williams* and *Wm. R. Bell*, for appellant.

*John F. Murphy, Hugh M. Caldwell*, and *H. B. Butler*, for respondent.

GOSE, J.—The defendant was convicted upon an information charging him with uttering a forged deed.  This appeal followed.

The court instructed the jury as follows:

"You are instructed that the mere uttering, as heretofore explained to you, is of itself a circumstance from which knowledge of its falsity may be presumed.  I mean by that, if you find from the evidence that this particular deed described in the information was forged; that is, falsified, and you further find that it was uttered by the defendant, then you have a right to presume from these facts that he knew that it was forged at the time of passing it, but that presumption is not conclusive.  This presumption may be overcome or explained away by other testimony in the case.  It is open to defendant to contradict or explain the fact of his having guilty knowledge, and if you believe his explanation from all the evidence, then you will find the defendant not guilty.  But if, after viewing all the evidence in the case, as impartial jurors, you have an abiding conviction of the defendant's guilt, then you will find him guilty as charged in the information."

The instruction is not in harmony with the decisions of this court.  The weight to be attached to the circumstance of uttering the forged instrument, like all other evidence in the case, was a question of fact for the jury, and the pre-

sumption to be drawn therefrom was one of fact and not of law. *State v. Humason*, 5 Wash. 499, 32 Pac. 111; *State v. Walters*, 7 Wash. 246, 34 Pac. 938, 1098; *State v. Bliss*, 27 Wash. 463, 68 Pac. 87.

In the *Humason* case, the court instructed the jury:

"The possession of stolen property, recently after the larceny thereof, is evidence tending to show such possession to be a guilty one; and if such possession is unexplained, either by direct evidence or by the attending circumstances, or by the character and habits of life of the possessor, or otherwise, it may be taken by the jury as conclusive evidence of the possessor's complicity in the larceny of the property."

In commenting on this instruction, the court said:

"The jury should simply have been told that they were the sole judges of the facts, and of the weight to be given to each particular fact; that the possession of this property by the defendant (if it was necessary to refer to it at all), if it had been proven to them beyond a reasonable doubt that it was stolen property, was one of the facts which they were authorized to consider, with all the other facts and circumstances in the case, in determining the guilt or innocence of the defendant; and that if, from all these facts, they were satisfied, beyond a reasonable doubt, that the defendant had participated in planning, aiding, advising or abetting the actual thief in taking the cattle, their verdict should be that of guilty; otherwise, they ought to find for the defendant."

In criticizing a similar instruction in the *Walters* case, it was said:

"The possession of recently stolen property may or may not be a criminating circumstance, and whether it is or not depends upon the facts and circumstances connected with such possession. It is a circumstance to be considered by the jury in connection with all the other evidence in the given case, in determining the guilt or innocence of the accused; and its weight, as evidence, like that of any other fact, is to be determined by them alone. *People v. Chambers*, 18 Cal. 383; *People v. Ah Ki*, 20 Cal. 178; *People v. Noregea*, 48 Cal. 123; *State v. Humason*, 5 Wash. 499, 32 Pac. 111; *Watkins v. State*, 2 Tex. App. 73. Any presumption that

may be drawn from such possession is a presumption of fact merely; in other words, it is only an inference that one fact may exist from the proof of another, and does not amount to a rule of law."

The distinction between a presumption of law and a presumption of fact is defined in Vol. 9, Ency. of Evidence, 882, as follows:

"The distinction usually drawn between these two classes of presumptions is that a presumption of law is an arbitrary rule of law that when a certain fact or facts appear a certain other fact is, for the purposes of the case, deemed to be established, either conclusively or until contrary evidence is introduced; while a presumption of fact is merely a logical inference or conclusion which the trier of the facts is at liberty to draw or refuse to draw."

As pointed out by Judge Stiles in the *Humason* case, the court should have instructed the jury that they were the sole judges of the facts and of the weight to be given to each particular fact; that the uttering of the forged instrument, if that fact had been proven beyond a reasonable doubt, was one of the facts which they should consider in determining whether the instrument was uttered with intent to defraud, knowing it to be forged; and that if, from all the facts and circumstances in the case, they were satisfied beyond a reasonable doubt that the defendant had uttered the forged instrument set out in the information, with knowledge that it was forged and with intent to defraud, their verdict should be guilty; otherwise, that it should be not guilty.

Another vice of the instruction is that it in effect shifts the burden of proof to the appellant to prove a negative, viz., that he did not have guilty knowledge. The burden is always upon the state in a criminal case to establish the guilt of the defendant by evidence that satisfies the minds of the jury beyond a reasonable doubt of his guilt. The real gravamen of the charge here was the uttering with guilty knowledge. . When the uttering is proven, the weight of that circumstance is purely a question of fact for the jury. It is

due to the state to add that it has cited authorities from other jurisdictions which uphold the instruction, but they are not in accord with the principle announced in our own cases to which we have referred. If the presumption arising from the possession of property recently stolen is one of fact only, the presumption arising from the uttering of a forged instrument cannot be held to be a presumption of law. The mere fact that the inference may be stronger in one case than in the other cannot change the presumption from one of fact to one of law.

The state, over the objection of the appellant, was permitted to introduce in evidence a seal with the inscription: "Kitsap County Abstract Co., Port Orchard, Wash. Incorporated Seal." This seal was found in an office which had been occupied by the appellant and others. It was found long after the execution of the deed in controversy, and two months or more after the appellant had left Seattle. This was followed by evidence tending to show that there has never been such a company in Kitsap county. This was not error. The property embraced in the deed is situated in Kitsap county. The possession of the seal was a circumstance tending to show a probable design to use it. Wigmore, Evidence, § 238; *State v. Wayne*, 62 Kan. 636, 64 Pac. 69. As was said in the *Wayne* case, the fact that such an instrument may be used for lawful purposes, and that it was not recently in the appellant's possession, goes to the weight and not to the admissibility of the evidence. It is apparent that the seal could be used in fabricating evidence as to land titles in Kitsap county.

The appellant earnestly urges that the evidence is insufficient to support the verdict. The precise point made is that the testimony of the owner of the land that he was in Kansas at the time the deed purports to have been executed in Seattle, and that he did not execute it, and the testimony of his daughter and son-in-law that he was in Kansas at that time, are not sufficient to overcome the presumption arising from

the recitals in the certificate of acknowledgment. Excerpts from certain opinions in civil cases are cited in support of this contention. The point is without merit. The probative force of the evidence was for the jury.

The appellant further contends that it was the duty of the state to either call the notary before whom the acknowledgment purports to have been taken, or to satisfactorily account for his absence. A sufficient answer to this contention is that the charge in the information is made jointly against the appellant and such notary. Moreover, the state may call or decline to call witnesses as it chooses, subject to the controlling power of the court. *State v. Payne*, 10 Wash. 545, 39 Pac. 157. Its course in this respect cannot be controlled by the wishes or interests of the defendant.

For the reasons stated, the judgment is reversed, with directions to grant a new trial.

DUNBAR, C. J., MOUNT, and FULLERTON, JJ., concur.

PARKER, J. (dissenting)—I concur in the result and all that has been said in the majority opinion, except I dissent from the holding that the finding of the abstract company's seal in an office occupied by appellant and others some two months after such ocupation, was admissible evidence. I think this was so remote and uncertain as to appellant's possession of the seal as to be irrelevant, and the manner in which it was used was clearly prejudicial.