[No. 9708.  Department One.  November 18, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. D. M. PEEPLES, *Appellant*.[1]

FORGERY—EVIDENCE—SUFFICIENCY—WEIGHT OF NOTARY'S CERTIFICATE. A notary's certificate showing that a mortgage was executed and acknowledged by the grantors is sufficiently overcome by their direct testimony that they did not execute it to make a question for the jury as to the fact of forgery.

FORGERY — UTTERING — PRESUMPTION OF GUILTY KNOWLEDGE — INSTRUCTIONS. In a prosecution for uttering a forged mortgage, an instruction that the fact of forgery is a circumstance from which guilty knowledge is presumed, unless rebutted, invades the province of the jury and is reversible error.

[1]Reported in 118 Pac. 906.

Appeal from a judgment of the superior court for King county, Gay, J., entered December 24, 1910, upon a trial and conviction of forgery. Reversed.

*M. M. Richardson* and *Wm. R. Bell,* for appellant.

*John F. Murphy, Hugh M. Caldwell,* and *Herbert B. Butler,* for respondent.

PARKER, J.—The defendant appeals from his conviction in the superior court upon a charge of uttering a forged mortgage.

It is first contended that the court erred in denying appellant's motion for a directed verdict of acquittal. It is insisted that the only evidence of the forgery of the mortgage was the testimony to that effect given upon the trial by the two persons who appear upon the face of the mortgage to have executed it as grantors. Attached to the mortgage, which was introduced by the state in evidence, was an acknowledgment certificate of a notary public in usual form, with seal attached, purporting to certify that these witnesses duly executed the mortgage in Multnomah county, Oregon. Neither the notary nor any witness to the execution of the mortgage was produced as a witness at the trial. Upon this condition of the proof, assuming that there was no other proof of the forgery, counsel for appellant argues that the court should have directed an acquittal, upon the theory that the court should have decided, as a matter of law, that the testimony of the two witnesses, who apparently executed the mortgage, was not sufficient to overcome the presumption arising from the notary's certificate, and did not establish the forgery beyond a reasonable doubt. We cannot agree with this contention. There was nothing involved but the weight of the evidence, and it was not of such character as to enable the court to decide the question of the forgery as a question of law. Counsel invoke the general rule requiring clear and convincing evidence to overcome the presumed truth of the facts stated in a notary's certificate of acknowledg-

ment. We cannot say, as a matter of law, that this rule was not satisfied by the direct testimony of these two witnesses denying that they signed or acknowledged the mortgage, especially since we did not hear them testify. We conclude that there was no error in denying the motion for a directed verdict.

It is next contended in behalf of appellant that the trial court erred in its instruction to the jury as follows:

"You are instructed that the mere uttering—that is, the passing of a forged instrument—is of itself a circumstance from which knowledge of its falsity may be presumed. I mean by that; if you find from the evidence that this particular mortgage described in the information was forged—that is, falsified—and you further find that it was uttered—that is, passed—by the defendant, then you have a right to presume from these facts that he knew that it was forged at the time of passing it, but that presumption is not conclusive. It may be overcome or explained away by other testimony in the case. It is open to the defendant to contradict or explain the fact of his having guilty knowledge, and if you believe from the evidence his explanations, or if upon the same you have a reasonable doubt, or upon the whole evidence in the case you have a reasonable doubt, then you will find the defendant not guilty."

This instruction, it will be noticed, is in substance the same as that given and held to be erroneous in *State v. Hatfield*, *ante* p. 550, 118 Pac. 735. The views expressed and authorities there reviewed need not be repeated here. We may add, however, that counsel for the state call our attention to *White v. Territory*, 1 Wash. 279, 24 Pac. 447, where an instruction, given in substance the same as this, was upheld. That decision, however, is no longer authority in this state, if for no other reason than that it dealt with an instruction given in a trial in the territorial court before we had a constitution providing that "Judges shall not charge juries with respect to matters of fact, nor comment thereon." Constitution, art. 4, § 16.

The judgment is reversed, and appellant awarded a new trial.

MOUNT and FULLERTON, JJ., concur.

DUNBAR, C. J. (concurring)—I concur in the result for the reasons stated in *State v. Hatfield, supra;* but do not wish to be understood as holding even inferentially that there was any violation of the constitutional provision cited above.

GOSE, J., concurs with DUNBAR, C. J.