[No. 9892. Department One. February 6, 1912.]

MILAN VELIKANJE, *Appellant,* v. F. STANLEY MILLICHAMP *et al., Respondents.*[1]

LIBEL AND SLANDER—WORDS ACTIONABLE PER SE—PROVINCE OF COURT AND JURY. A letter charging that an attorney presented forged receipts and attempted to collect money on them, is not libelous *per se,* it not being charged that he forged the receipts or that he uttered the same with guilty knowledge of the forgery.

SAME — SPECIAL DAMAGES — PLEADING — NECESSITY. Words not libelous *per se* are not actionable unless special damage is alleged.

SAME—LIBEL PER SE—QUESTION FOR COURT. Whether language is libelous *per se* is a question of law for the court, unless the writing is ambiguous.

Appeal from a judgment of the superior court for King county, Gay, J., entered April 27, 1911, in favor of the de-

[1]Reported in 120 Pac. 876.

fendants, upon sustaining a demurrer to a complaint for libel. Affirmed.

. *E. B. Velikanje* and *Lee C. Delle*, for appellant.

*W. G. Beard*, for respondents.

CHADWICK, J.—Plaintiff is an attorney at law, duly admitted and in good standing at the bar of the state. He brings this action to recover damages for libel. The material parts of his complaint follow:

"(4)    That on or about the 19th day of October, 1910, the said defendants, and each of them, wrote and published of, or caused to be written and published of, and concerning this plaintiff, and of and concerning him in his said capacity and profession of an attorney at law, in a certain letter written to one John Schmidt, of North Yakima, Yakima county, state of Washington, under said date aforesaid, and which said letter was addressed to the said John Schmidt, at North Yakima, Washington, postage prepaid, and deposited in the United States mail, in the city of Seattle, state of Washington, on October 19, 1910, at 2:30 o'clock p. m., a certain false and malicious libel, in words and figures as follows, to wit:

F. Stanley Millichamp.                    J. B. Wandesforde.

Empire Produce Company,
Commission Merchants.

Wholesale Fruits and Produce.
Main 8930—Independent 5695.
914 Western Avenue,
Seattle; Wash., Oct. 19, 1910.

Mr. John Schmidt,
    North Yakima, Wash.

Dear Sir:    Enclosed find check for $39.34, being net proceeds for balance of peaches not heretofore remitted. You will kindly excuse delay, caused by one Velikanje presenting us with forged receipts. purporting to be from our agent at your city, and trying to collect your money on them. As our record did not quite tally with the receipts, we necessarily had to check up with our Yakima agent, which caused the delay. Under no circumstances would we have paid this party your money, as our rule is to remit direct to the grower, paying no attention to any representatives, unless accompanied by written order from said shippers. We have straightened

out this matter with our agent, and find the number of peaches un-accounted for to be as shown by the enclosed account sales. Hoping our results prove satisfactory, and thanking you for. your favors, we are,                                    Very truly yours,

                                                Empire Produce Co.

By J. B. Wandesforde.

"(5)    That the plaintiff is the person referred to in said letter by the name of 'one Velikanje;' that the aforesaid letter was received by the said John Schmidt, in said Yakima county, and read by him and other persons; and that said de-fendants, and each of them, knew at the time they wrote said letter, or caused the same to be written, that they were charg-ing the said plaintiff with the crime of forgery, and the same was so understood by the said John Schmidt and others.

"(6)    That by reason of the said defendants writing, publishing and using the said false and defamatory language aforesaid, the plaintiff has suffered greatly in reputation, his honesty and integrity, and has been greatly injured and prejudiced in his reputation aforesaid, and has been greatly damaged in his profession and business, and has been greatly humiliated, and has suffered both in mind and in body, to his damage in the sum of five thousand ($5,000) dollars."

A demurrer was sustained to the complaint, and from a judg-ment of dismissal, plaintiff has appealed.

The demurrer was properly sustained. Respondents did not charge appellant with the crime of forgery, or of utter-ing a forged instrument. They neither impute a criminal intent nor charge appellant with a guilty knowledge. Un-less there be a guilty knowledge, there can be no uttering of a forged instrument within the definition of that crime. *State v. Hatfield*, 65 Wash. 550, 118 Pac. 735; *State v. Peeples*, 65 Wash. 673, 118 Pac. 906. The words charged, not be-ing libelous *per se*, are not actionable unless a special dam-age is alleged to have resulted to appellant. *Denny v. Northwestern Credit Assn.*, 55 Wash. 331, 104 Pac. 769, 25 L. R. A. (N. S.) 1021.

Appellant contends that the complaint is good within the rule of *Lathrop v. Sundberg*, 55 Wash. 144, 104 Pac. 176, 25 L. R. A. (N. S.) 381; *Quinn v. Review Pub. Co.*, 55 Wash.

69, 104 Pac. 181, 133 Am. St. 1016; *Dunlap v. Sundberg*, 55 Wash. 609, 104 Pac. 830, 133 Am. St. 1050, and *Jeffrey v. Gill*, 56 Wash. 586, 106 Pac. 129.

The *Lathrop* case goes no further than to state the general rule:

"It is not necessary that the words published should involve an imputation of crime. It is enough that they be of such a nature that the court can presume, as a matter of law, that they will tend to disgrace the party of whom they are published, or hold him up to public ridicule, or contempt, or cause him to be shunned or avoided."

We held that to class a reputable physician among quacks, criminal practitioners and charlatans was a libel *per se*. Clearly the words there employed would tend to cause him to be shunned and avoided. In the *Quinn* case there was a direct and open charge of jobbery and graft in the exercise of a public employment. The *Dunlap* case we conceive to be an authority sustaining the ruling of the lower court. Taken without qualification, the *Jeffrey* case might warrant appellant in his assertion that the case should have gone to a jury. But when properly understood, it is in line with our cases, and the universal holding of the courts that the question whether a writing is libelous *per se* is one of law for the court, unless the writing is ambiguous, in which event the truth of the innuendo will be submitted to the jury. In the *Jeffrey* case, although the question was submitted to the jury, the court in so doing practically held the words to be libelous *per se*, they having been spoken publicly and imputing as they did unchastity (25 Cyc. 319); and the issue having been submitted to the jury and being decided right, appellant could not, after verdict, complain of the error. A verdict is vulnerable to attack only when it is contrary to law.

The language used by respondents, being plain and unambiguous, and imputing no crime to appellant, or otherwise assailing him in reputation, is not actionable.

The judgment of the lower court is therefore affirmed.

Dunbar, C. J., Gose, Parker, and Crow, JJ., concur.