[No. 12272.   Department One.   April 12, 1915.]

GEORGE L. HOUGHTON, *Appellant*, v. JOHN E. HUMPHRIES, *Respondent*.[1]

LIBEL AND SLANDER—PRIVILEGE—JUDGES.   A judge of a court is absolutely exempt from liability in damages for words of a slanderous nature spoken by him of one of the attorneys in the course of a judicial proceeding over which he was presiding.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered May 4, 1914, upon sustaining a demurrer to the complaint, dismissing an action for slander. Affirmed.

*George L. Houghton*, for appellant.

*Edward Judd*, for respondent.

PARKER, J.—The plaintiff, George L. Houghton, seeks recovery of damages which he alleges resulted to him from slanderous and defamatory words spoken of him by the defendant, John E. Humphries, a judge of the superior court for King county.   The defendant demurred to the plaintiff's complaint upon the ground, among others, that it does not state facts constituting a cause of action.   This demurrer was sustained by the trial court, and the plaintiff electing to stand upon his complaint and not plead further, judgment of dismissal was rendered against him.   From this disposition of the cause, the plaintiff has appealed.

It appears from the allegations of the complaint that the words upon which appellant rests his right of recovery were spoken by respondent in the course of a judicial proceeding in a department of the superior court for King county while he was presiding therein as judge.   We are inclined to the view that the words complained of are not actionable in any event, and also that the allegations of the complaint fail to negative their relevancy to the proceeding during the course

[1]Reported in 147 Pac. 641.

of which they were spoken. However, whatever our conclusion might be upon a critical examination of these questions, we are clearly of the opinion that respondent by reason of his official position as judge, is absolutely exempt from liability for damages at the suit of any person claiming to be injured by such words. This court has recognized the general rule that when exemption from liability for the use of slanderous words is sought to be invoked by a private person or an attorney in the course of a judicial proceeding, such exemption is qualified, in that the words must be relevant to the proceeding in which they are spoken, in order to exempt the one using them from liability to damages flowing from their slanderous effect. *Abbott v. National Bank of Commerce*, 20 Wash. 552, 56 Pac. 376; *Miller v. Gust*, 71 Wash. 139, 127 Pac. 845. But it does not follow that such qualification in the least curtails the absolute character of the exemption accorded to judges of courts of general jurisdiction, jurors, legislators and, possibly, other public servants, as to words written or spoken by them in the course of their official duties. In *Yates v. Lansing*, 5 Johns. 282, 291, Chief Justice Kent, speaking for the New York Supreme Court of Judicature, in 1810, relative to the exemption of judges, at page 291, said:

"We meet with the principle here stated as early as the *Book of Assise*, 27 Ed. III. pl. 18. The case there was, that A. was indicted, for that, being a judge of *oyer et terminer*. certain persons were indicted before him of trespass, and he had entered upon the record that they were indicted of felony, and judgment was demanded, if he should answer for falsifying the record, since he was a judge by commission; and all the judges were of opinion that the presentment was void."

In *Dunham v. Powers*, 42 Vt. 1, there was involved a charge of slander against a juror for words spoken in the jury room by him of the plaintiff. In holding the juror absolutely exempt from liability therefor, Judge Prout, speaking for the court at p. 8, said:

"As to members of a legislative body, the rule as held in all the cases is, that in the performance of their official duties they are absolutely protected. No action of slander will lie against them, however false and malicious may be the charge they make against the reputation of another, if made in the exercise of the functions of their office, or within the line of their business or duty; and so of grand jurors and magistrates, charging others with the commission of crime. Of judges and jurors, it is said in *Sutton v. Johnstone*, 1 Term, 493, although a point not decided, that 'the law gives faith and credence to what they do, and therefore there must always in and what they do be cause for it, and there never can be malice in what they do.' To subject either to a prosecution for slander for what they may say in the course of the proceeding, as it is expressed, would affect their independence and degrade the administration of the law. Counsellors and parties conducting their own cases are privileged, when they confine 'themselves to what was pertinent to the question before the court.' *Hastings v. Lusk*, 22 Wend. 409; *Mower v. Watson*, 11 Vt. 536. In the last case cited it is remarked that 'the privilege of all whose duty or interest calls them to participate in the proceedings of courts of justice, is not to be made liable to an action of slander or libel for anything spoken or written therein, provided it be in the ordinary course of proceeding, or *bona fide*.' But there is a distinction, we think, as to the extent of the privilege growing out of the legal duty of a juror to act in that capacity and the duty of counsel arising from his employment and consequent interest, which induces him to participate in the proceeding. The former acts in obedience to the requirement of law and on oath; the other from motives of interest and pecuniary gain. One is a part or branch of the court, and within the absolute rule of impunity, while the other is only *prima facie* privileged for what he may say in the course of the proceeding, and in which he participates.

"In *O'Donaghue v. M'Govern*, 23 Wend. 26, Cowen, J. observes: 'Sometimes the person complained of is absolutely protected. This would be so where the libel was published by him in the course of his business or duty as a member of the legislature. The place protects him. So of judges, jurors and witnesses,' while and when they are acting in the line of their business or duty. These principles we think not only

in entire harmony with the law, but fitting and necessary, that jurors may discharge their duties without fear or apprehension of a prosecution at the suit of parties feeling aggrieved by their verdict. *Coffin v. Coffin,* 4 Mass. 1; *Harris v. Huntington,* 2 Tyler 129; *Henderson v. Broomhead,* 4 Hurl. & Nor. 567; *Thomas v. Churton,* 110 E. C. L. 475; Townshend on Slander and Libel, § 227 and note 1113."

In *Rice v. Coolidge,* 121 Mass. 393, 395, 23 Am. Rep. 279, Justice Morton said:

"It seems to be settled by the English authorities that judges, counsel, parties and witnesses are absolutely exempted from liability to an action for defamatory words published in the course of judicial proceedings. *Henderson v. Broomhead,* 4 H. & N. 569; *Revis v. Smith,* 18 C. B. 126; *Dawkins v. Rokeby,* L. R. 8. Q. B. 255, and cases cited; affirmed, L. R. 7 H. L. 744; *Seaman v. Netherclift,* 1 C. P. D. 540. The same doctrine is generally held in the American courts, with the qualification, as to parties, counsel and witnesses, that, in order to be privileged, their statements made in the course of an action must be pertinent and material to the case. *White v. Carroll,* 42 N. Y. 161; *Smith v. Howard,* 28 Ia. 51; *Barnes v. McCrate,* 32 Me. 442; *Kidder v. Parkhurst,* 3 Allen 393; *Hoar v. Wood,* 3 Met. 193."

In *Spalding v. Vilas,* 161 U. S. 483, 494, Justice Harlan, speaking for the court, said:

"The same principle was announced in England in the case of *Fray v. Blackburn,* 3 B. & S. 576, in which Mr. Justice Crompton said: 'It is a principle of our law that no action will lie against a judge of one of the superior courts for a judicial act, though it be alleged to have been done maliciously and corruptly; therefore, the proposed allegation would not make the declaration good. The public are deeply interested in this rule, which, indeed, exists for their benefit and was established in order to secure the independence of the judges and prevent them from being harassed by vexatious actions.' The principle was applied in one case for the protection of a county court judge, who was sued for slander, the words complained of having been spoken by him in his capacity as judge, while sitting in court, engaged in the trial of a cause in which the plaintiff was defendant. Chief Baron

Kelly observed that a series of decisions, uniformly to the same effect, extending from the time of Lord Coke to the present time, established the general proposition that no action will lie against a judge for any acts done or words spoken in his judicial capacity in a court of justice, and that the doctrine had been applied to the court of a coroner, and to a court-martial, as well as to the superior courts. He said: 'It is essential in all courts that the judges who are appointed to administer the law should be permitted to administer it under the protection of the law, independently and freely, without favor and without fear. This provision of the law is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. How could a judge so exercise his office if he were in daily and hourly fear of an action being brought against him, and of having the question submitted to a jury whether a matter on which he had commented judicially was or was not relevant to the case before him?' *Scott v. Stansfield*, L. R. 3 Ex. 220, 223."

These observations render plain the necessity of the rule of public policy which prevents inquiry into the question of relevancy of the words spoken to the public matter in hand. The exemption is absolute if they are spoken in the performance of an official act. No decision has come to our notice out of harmony with this view. A judge, for any such wrong, is answerable only to the public, through such process of law, impeachment or otherwise, as may be provided.

The judgment is affirmed.

MORRIS, C. J., HOLCOMB, MOUNT, and CHADWICK, JJ., concur.