[No. 13185.   Department Two.   July 5, 1916.]

## S. Viss *et al.*, *Respondents*, v. P. H. Calligan, *Appellant*.[1]

Libel and Slander—Matters Privileged—Judicial Proceedings—Exceeding Privilege.   Where a party on the witness stand stated of his opponent, "He is a thief; he stole two stands of bees of mine," the words were not privileged if the statement was voluntary and not in reply to any question, and was not relevant or pertinent to the subject of inquiry.

Appeal—Review—Harmless Error—Instructions.   On appeal by defendant from a judgment for slander, by words uttered in a judicial proceeding, it is harmless error that the materiality and relevancy of the words was submitted to the jury, when the only controversy was as to whether the words were uttered.

Libel and Slander — Pleading and Proof — Special Damages—Words Actionable Per Se.   Words imputing a crime are actionable *per se*, and general damages for mental distress may be recovered without alleging or proving special damages.

Appeal and Error—Preservation of Grounds—Objections.   Error cannot be predicated upon the court's failure to strike all the unresponsive part of an answer of a witness where the objection to the answer was general, and the court was not advised as to the particular part objected to, and no further motion to strike was made.

Libel and Slander—Matters Privileged—Judicial Proceedings—Question for Jury.   Words uttered by defendant, after entry of judgment by a justice of the peace, demanding the arrest of plaintiff for theft, are privileged only if he sought the arrest in good faith and believed he was disclosing the facts for the purpose of advising the justice.

Same—Actions—Instructions.   In an action for slander, where there was no evidence that the defamatory words were repeated by the one in whose presence they were uttered, a requested instruction that plaintiff was not entitled to damages by reason of such hearer's repetition of the defamatory words was properly refused.

Same — Damages — Excessive Verdict.   An award of $1,000 for general damages upon three causes of action for charging plaintiff on three separate occasions as being a thief is not so excessive as to indicate passion or prejudice on the part of the jury; as the admeasurement is not a matter of exact rule, and the award should not be disturbed, unless so large as to indicate passion or prejudice.

[1] Reported in 158 Pac. 1012.

Appeal from a judgment of the superior court for Sno-
homish county, Alston, J., entered July 13, 1915, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action for slander. Affirmed.

*J. A. Coleman* and *James M. Hogan,* for appellant.

*C. H. Graves,* for respondents.

MAIN, J.—This action was instituted for the purpose of
recovering damages for slanderous words alleged to have
been uttered by the defendant of and concerning the plain-
tiff S. Viss.

The complaint contains three causes of action, separately
stated. After the issues were framed, the cause was tried
to the court and a jury, and resulted in a verdict in favor
of the plaintiffs in the sum of $1,000. Motion for a new
trial being made and overruled, a judgment was entered
upon the verdict, from which the appeal is prosecuted.

The facts are these: About the 1st of March, 1914,
S. Viss, hereinafter referred to as the respondent, became a
tenant upon a farm owned by the defendant in Snohomish
county. This relation continued for a number of months,
when it was terminated, and Viss remained in the occupancy
of the farm in the appellant's employ. At the time this em-
ployment terminated, the respondent claimed that the ap-
pellant was indebted to him in the sum of $70.25, and
brought an action therefor in the justice court. In that ac-
tion, the defendant there (the appellant here) orally pleaded
a counterclaim. Upon the trial in the justice court, the
appellant went upon the witness stand to testify in his own
behalf, and in support of his counterclaim. The basis of
the first cause of action in this case, as alleged in the com-
plaint, is that the appellant, while so testifying, voluntarily,
and not in response to any question propounded by counsel
for either party, said of and concerning the respondent:

"That man Viss is the worst man in the country; he is a
thief; he stole two stands of bees from me, worth $28, and

tried to steal everything there was on my ranch; he is a dangerous man; he threatened to destroy all the buildings on my ranch and to kill all my cattle."

The appellant, in answer, denied that he used the language imputed to him in the complaint, and pleaded that everything said by him while upon the witness stand was said in response to questions propounded to him by counsel for the plaintiff or the defendant. In submitting the cause to the jury, the allegations of the complaint were narrowed to: "He is a thief; he stole two stands of bees of mine of the value of $28."

The evidence is directly conflicting as to whether the appellant made the statements with which he is charged in the complaint, and which the court submitted to the jury. It is hardly necessary to observe that the question whether the words were uttered was for the jury to determine.

The jury having found in effect by its verdict that the words were uttered, the question arises whether they were privileged because having been uttered in the course of a judicial proceeding. The rule is that words spoken in the course of a judicial proceeding, though they are such as impute a crime to another and, therefore, if spoken elsewhere would be actionable in themselves, are not actionable if they are applicable and pertinent to the subject of inquiry. The question in such cases is whether the words were spoken in the course of a judicial proceeding, and whether they were relevant and pertinent to the cause or subject of inquiry. *Abbott v. National Bank of Commerce*, 20 Wash. 552, 56 Pac. 376; *Miller v. Gust*, 71 Wash. 139, 127 Pac. 845; *Houghton v. Humphries*, 85 Wash. 50, 147 Pac. 641, L. R. A. 1915 E. 1051.

In this case the respondent claims, and the evidence offered by him supports his contention, that, when the appellant uttered the words with which he is charged, he was not replying to any question propounded to him by counsel for either side, but that he "broke out" during the course of his

testimony and proceeded to defame the respondent to such an extent that the justice cautioned him to desist. The evidence offered on behalf of the appellant supports his claim that the words were not uttered. If the contention of the respondent be true, the appellant is not protected by the rule of privilege, because what was said by him was not in response to questions, and he voluntarily used the occasion not for the purpose of giving testimony called for by interrogatories, or which was relevant and pertinent to the subject of inquiry, but for the purpose of defaming the respondent.

Complaint is made of the instruction which the trial court gave upon the subject of privilege. In this instruction the jury were told that, if the language was spoken in answer to any question propounded to the defendant by either of the attorneys, or by the court, and was responsive to any such question, or if the language spoken by the defendant of and concerning the plaintiff was material or relevant to any issue involved in the trial, no recovery could be had. The particular objection urged against this instruction is that it submits to the jury the question whether words spoken were material or relevant to any issue involved in the trial. But even if this portion of the instruction should be erroneous, which question it is not necessary here to determine, the appellant was not harmed thereby. The controversy was over whether the words were in fact uttered. The evidence did not deal with the question whether they were relevant and pertinent to the issues tried before the justice. The controversy was over whether the words were uttered, and not whether they were relevant or pertinent to any issue. The court might properly have submitted the case to the jury without any reference to whether the words were relevant or pertinent to any issue involved in the trial. This clause was contained in a clear and comprehensive instruction submitting to the jury the issue to be determined, and it does not seem that the jury could have

been misled thereby. The error, if any, was without prejudice.

It is further claimed relative to this cause of action that no damage was shown. No special damages were pleaded, and none was sought to be established by the evidence. If the words were used as claimed by the respondent, they imputed to him the commission of a crime, and hence were actionable *per se*. *Bleitz v. Carton*, 49 Wash. 545, 95 Pac. 1099. If the words were actionable *per se*, they could be made the basis of recovery of general damages without alleging and proving special damages. *Velikanje v. Millichamp*, 67 Wash. 138, 120 Pac. 876. Mental distress, which naturally results from the utterance of words, if alleged and proved, is a proper element of general damages. In *Dick v. Northern Pac. R. Co.*, 86 Wash. 211, 150 Pac. 6, it was said:

"Returning then to the third paragraph, we find no special damages alleged as resulting from the publication of the letter there set out. To find a cause of action for libel, therefore, we must find that the statements in the letter, which it is alleged were false, are actionable *per se*. If they are, the plaintiff would be entitled to such general damages for humiliation, injured feelings and mental suffering as would naturally result from the publication, without alleging or proving any special or specific damages."

In this case, mental distress was alleged, and evidence was offered in support thereof.

Some claim is made that the court permitted too wide a latitude relative to the testimony as to mental distress. When the question upon this subject was first propounded, it was objected to as incompetent and immaterial, which objection was overruled. The witness then proceeded to answer, and embodied in his answer certain things which were not responsive to the question. Whereupon counsel for the appellant stated: "I object to that," without specifying what portion of the answer he specifically objected to. The

court thereupon sustained the objection, and struck the answer of the witness relative to the loss of credit. No motion was made to further strike from the answer of the witness. The court was not advised as to the particular objection that counsel had to the answer to the question. Under these circumstances, even though there may have remained in the answer something which was not responsive to the question, it cannot now be made the basis of an error. Indication should have been given to the court by motion to strike from the answer the particular parts thereof which were thought not to be responsive to the question.

What has been said covers the principal questions relative to the first cause of action. The second cause of action will now be considered. That cause of action is based upon words claimed to have been uttered by the appellant in the justice court on the day following the trial, and after the justice had rendered his decision. In that decision the justice entered a judgment for the appellant on his counterclaim in the sum of a few dollars. The item of $28 for two stands of bees, stated in the counterclaim, was disallowed. The respondent claims that, after that judgment was rendered, the justice inquired of the appellant if he were satisfied, and received an affirmative reply. He then inquired of the respondent if he were satisfied, and received a negative reply. Thereupon the appellant jumped to his feet and said: "I want that man Viss arrested right off for stealing my stand of bees," and used other language of similar import. Like the first cause of action, the evidence as to what occurred at this time is in conflict. If the appellant in good faith was seeking the arrest of the respondent, and was disclosing what he believed to be the facts only, for the purpose of advising the justice so that that officer might act advisedly, then the appellant would be protected by the rule of privilege. But, on the other hand, if he employed the occasion in bad faith, or was simply taking advantage of an opportunity to defame the respond-

ent, he would not be within the rule of privilege. In Newell, Slander & Libel (2d ed.), p. 392, it is said:

"When the court holds the communication to be entitled to the privilege, the jury should be instructed to consider and determine whether or not the defendant used the occasion for the sole reason and purpose which conferred the privilege upon his statement; and if the jury find from the surrounding circumstances, as shown by the evidence, that he did so use it solely for such reason and purpose, the verdict will be for the defendant. But if, on the other hand, they find that he employed the occasion in bad faith, to gratify or to further some indirect or malicious motive, or for some other improper reason, the verdict will be for the plaintiff."

Upon this question the cause was properly submitted to the jury.

Referring now to the third cause of action: It is alleged that, on the first day of January, 1915, at the home of one W. N. Boggs, located one and one-half miles from North Bend, Washington, the appellant, in the presence and hearing of one Lorraine Boggs, spoke of and concerning the respondent substantially the same words as are set out in the first cause of action. Here again the evidence is conflicting. In submitting this cause of action, the court was requested to instruct the jury that the respondent was not entitled to recover for any damage that he might have sustained by reason of the words alleged to have been uttered by the appellant having been repeated by Boggs. There is no evidence in the case that Boggs repeated to any one what he testified that the appellant said to him. It was therefore not error to refuse to give the requested instruction. Whether an instruction of this character should be given in any case when no special damages are sought to be recovered, but only general damages, it is not necessary here to determine.

Finally, it is claimed that the damages awarded by the jury are excessive. The verdict was for the sum of $1,000.

There were three causes of action, upon each of which the evidence was sufficient to go to the jury. . There is no exact rule by which general damages for slander or libel can be measured.  Much must be left in determining the amount to the judgment of the jury.  Unless the damages are so large that the court can say that the jury was actuated by passion or prejudice, the amount found by the jury will not be disturbed.  The award of $1,000 for general damages upon three causes of action does not seem to us to be so large as to indicate that the jury in determining upon this sum acted through passion or prejudice.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and BAUSMAN, JJ., concur.