[No. 26132. Department Two. August 8, 1936.]

W. B. Magee, *Appellant,* v. John Cohn *et al.,*
*Respondents.*[1]

*Everett O. Butts,* for appellant.

*Lewis & Black,* for respondents.

Blake, J.—Plaintiff filed a complaint in the court
below, setting up five causes of action for libel and

[1]Reported in 59 P. (2d) 1131.

slander. Demurrers having been sustained, he filed an amended complaint containing two causes of action; one for libel, the other for slander. Demurrers were sustained to this complaint. Plaintiff then filed a second amended complaint, which, except for matters alleged by way of inducement or innuendo, was identical with the first amended complaint. The defendants interposed motions to strike the second amended complaint, which were granted. From judgment dismissing the action, plaintiff appeals.

It is suggested by respondents that appellant, by filing his second amended complaint, waived any claim of error to the order sustaining the demurrers to the first amended complaint. While this is undoubtedly the established rule, the appellant is none the less entitled to have the sufficiency of his second amended complaint considered and determined. The motions to strike it are to be treated as demurrers. *Hays v. Peavey,* 43 Wash. 163, 86 Pac. 170.

The second amended complaint is long and involved. It is impracticable and unnecessary to set out the allegations, paragraph by paragraph. Allegations by way of inducement and explanation show that appellant is a practicing attorney in good standing; that Lee Sing died, leaving estate in King county; that, on October 9, 1931, the respondent Joe Cohn was appointed administrator of his estate; that appellant was employed as attorney for the administrator; that respondent Lew Gim You is the widow of Lee Sing.

It further appears that the administrator, with the assistance of an employee in appellant's office, prepared his final report, which was filed and set for hearing on April 15, 1935. Before it was heard, however, the administrator, with the aid of respondent Warren H. Lewis, who is an attorney, filed a supplemental final report and a second supplemental final

report. Lew Gim You, also with the aid of Lewis, filed objections to the final account and also a petition for an allowance in lieu of homestead.

These papers and an affidavit of service attached to one of them contain the alleged defamatory matter upon which the first cause of action is predicated. The alleged libelous statements contained in these various documents, as set out in the second amended complaint, are as follows:

"In the petition for an allowance in lieu of homestead exemption, appears the words 'that it appears from the report of the administrator and verified by him on March 11, 1935, and filed herein, called his Final Report.' . . .

"Referring to paragraph X of said final report, this objector denies that Lew Gan Lew, the minor son and heir of the above named decedent, he being also the son of this objector, resides in Hoy Sun Province, China, and in connection therewith she states the facts to be as follows: Said Lee Gan Lew is at present visiting with his grandparents in China, but said Lee Gan Lew actually resides in the city of Seattle, Washington, his place of residence being with said objector; that said objector and said child were in China with said Lee Sing on a visit at the time of his death; that said objector thereafter returned to the United States to look after the affairs of said Lee Sing but was unable to bring said child with her; that she expects and intends, as soon as she is able, to return to China for a visit and bring said child back to the United States; that said child is temporarily in China under the circumstances herein set forth. . . .

"Referring to paragraph XVIII of said final report, said objector states that the waiver therein mentioned was executed by *the* under a misapprehension, mistake and mistaken information to the effect that it is now necessary to close this estate and to execute said release in order to close this estate; that until the present time said objector had never been informed and did not know that she is entitled by law to an

allowance of $3,000 out of this estate in lieu of homestead and exemptions; that she has now filed in the above entitled court in the above entitled matter her petition for an allowance in lieu of homestead and exemptions and said petition has been set to be heard on April 2, 1935, that this estate is not ready to be closed at this time in that this estate owes a large sum of money, to-wit, about $2,400 for taxes and local assessments and owes this objector a substantial sum of money on account of the family allowance heretofore made to her by the Court herein for the support of herself and her said child during the pendency of the administration of this estate, and your objector is also entitled to an allowance of $3,000 out of this estate in lieu of homestead and exemptions as by statute provided; that all said sums herein mentioned should be paid before this estate is ready for settlement and distribution. . . . .

"That this estate is not ready to be closed at this time in that this estate owes a large sum of money . . . and owes this objector a substantial sum of money on account of the family allowance heretofore made to her by the Court herein for the support of herself and her said child during the pendency of the administration of this estate, and your objector is also entitled to an allowance of $3,000 out of this estate in lieu of homestead and exemptions as by statute provided. . . .

"Warren H. Lewis, being first duly sworn states upon oath that he is one of the attorneys of record in the above entitled matter for Lew Gim You (Mrs. Lee Sing), the surviving spouse of Lee Sing, deceased. . . .

"Upon W. B. Magee, he being the attorney of record in the above entitled matter for Joe Cohn as administrator of the estate of Lee Sing, deceased. . . .

"Since the verification by said administrator of his final report and petition for distribution herein prepared by his attorney, W. B. Magee, and verified by said administrator on March 11, 1935, said administrator has discovered the following errors in his account

as set forth in said final report which he now desires to correct as follows: . . .

"Referring to Schedule B attached to said administrator's said final report, being a statement of moneys disbursed by him subsequent to his said second report, said administrator's said attorney neglected to include therein an item of $7.00 which was paid by said administrator to his said attorney on or about April 20, 1934, for some publication fees, the exact nature of which is to said administrator unknown and for which he has no voucher at present but he supposes that his attorney can produce a voucher therefor or explain the nature and purpose of the publication for which said item of $7.00 was expended. Said administrator claims additional credit for said sum of $7.00 from Schedule B attached to said administrator's said final report. . . .

"Said administrator further reports that on or about April 11, 1935, Lew Gim You, otherwise known as Lew Shee Sing (Mrs. Lee Sing), the surviving spouse of said Lee Sing, deceased, filed in the above entitled Court in the above entitled matter her petition for an allowance in lieu of homestead and exemptions in the amount of $3,000 and said matter has been set to be heard on April 22, 1935. If said petition be granted, it will be impossible to close this estate at this time because there is insufficient money on hand with which to pay the same. . . .

"Said administrator further reports that irreconcilable difference have arisen between him and his attorney, herein, W. B. Magee, Esq., whereby it has become impossible for said administrator to continue the employment of said attorney in this matter. Said attorney refuses to talk with said administrator or to have any personal dealings with him and by reason thereof it has been necessary for said administrator to obtain assistance elsewhere in the preparation of his supplemental final report and account herein dated April 15, 1935, in order to correct certain errors in his final report and account, and in the preparation of this second supplemental final report and account, which

has been without expense to this estate. If the administration of this estate is to be continued beyond the present time, it is necessary for said administrator to discharge said W. B. Magee, Esq., as his attorney herein, and to employ other counsel in this matter if, when and as the services of such counsel be required in the future. On the other hand, if this estate is to be closed and distributed at this time, the services of other counsel will not be required. . . .

"Referring to the item of $7.00 which said administrator paid to his attorney on or about April 20, 1934, as set forth in said administrator's supplemental final report and account herein dated April 15, 1935, it now appears from the affidavit of Grace Appleyard, dated April 23, 1935, and apparently prepared by said W. B. Magee, Esq., that the said item of $7.00 was collected by said attorney from said administrator in April, 1934, to apply on the filing fees for the administrator's final report and account which was filed in March, 1935, and for publishing notice of final hearing and that there is a deficit of $3.05 still due to said W. B. Magee, Esq., on said items, for which said W. B. Magee, Esq., should be reimbursed. . . .

"Wherefore, said administrator prays the Court to approve his final report and account herein as modified and corrected in and by said administrator's supplemental final report and account and this second supplemental final report and account; that W. B. Magee, Esq., be discharged as attorney for said administrator herein and that the balance due him of $3.05 for disbursements be paid and that the matter of any further or additional compensation to said W. B. Magee be determined by the Court."

The second cause of action is for slander, and is predicated upon words spoken by the administrator while testifying at a hearing, involving the estate, before the superior court. The alleged defamatory language is set out as follows:

"That Magee would not listen to me." "He wants me to jump into the river." "He does not talk to me." "He does not give me legal advice, and I have nowhere

to get legal advice." "It is impossible to get along with him, he is terrible." "He makes me crazy."

The complaint alleges general damages only. So, if the language hereinbefore quoted is not libelous or slanderous *per se,* the complaint is demurrable. *Velikanje v. Millichamp,* 67 Wash. 138, 120 Pac. 876; *Dick v. Northern Pac. R. Co.,* 86 Wash. 211, 150 Pac. 8, Ann. Cas. 1917A, 638.

In determining whether words used are libelous, they are to be considered in their obvious and natural sense. *Urban v. Helmick,* 15 Wash. 155, 45 Pac. 747; *Denney v. Northwestern Credit Ass'n,* 55 Wash. 331, 104 Pac. 769, 25 L. R. A. (N. S.) 1021.

Words otherwise unobjectionable cannot be made the basis of a recovery by allegations by way of inducement or innuendo. *Denney v. Northwestern Credit Ass'n, supra.*

Considered by these rules, the words and statements relied on for recovery are certainly not libelous or slanderous *per se.* Although it is alleged by way of innuendo, with reference to the seven dollars which the administrator paid appellant April 20, 1934, that the crime of larceny is charged, we do not think the language used susceptible to such construction. See *Velikanje v. Millichamp, supra.*

Nor do we see how the words and statements relied on for recovery, considered separately or as a whole, could in any wise tend to subject appellant to "hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social intercourse."

Appellant claims error in not being allowed to file a third amended complaint. Assuming a sufficient application was made, we think the court was well within its discretion in denying it, since appellant had

already filed three complaints, all in every essential respect identical.

Judgment affirmed.

MILLARD, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.